**Karen KNOWLES et al., Plaintiffs,**

v.

**Earl L. BUTZ et al., Defendants,**

**Cheryl Fine et al., Plaintiffs
in Intervention.**

**No. C–72–1578.**

United States District Court,
N. D. California.

Feb. 23, 1973.

On Motion for Summary Judgment
May 16, 1973.

Steven M. Fleisher, El Macero, Cal., Gary Goodpaster, Davis, Cal., Food Advocates, El Macero, Cal., for plaintiffs and plaintiffs in intervention.

James L. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

ZIRPOLI, District Judge.

Initially two food stamp applicants, the California Welfare Rights Organization (CWRO), and the President of CWRO brought this suit seeking a declaratory judgment that a federal administrative provision dealing with the Food Stamp Program, 7 U.S.C. Chapter 51, is invalid and injunctive relief prohibiting the enforcement of the provision. The challenged regulation, Food and Nutrition Service (FNS) Instruction 732–1, § III(D)(2)(b), provides that persons who share common living quarters and share the expense for such quarters shall be considered a "household" for Food Stamp Program purposes.[1] As a result, if any cotenant

---

1. Plaintiffs argue that the same directive is also contained in 7 C.F.R. § 271.3(a). Defendants claim that § 271.3(a) only

provides a rebuttable presumption that all who reside in common living quarters shall be considered a "household," and

is ineligible for food stamps, all of the cotenants are made ineligible. *See* 7 C. F.R. § 271.3.

The court granted a temporary restraining order on August 31, 1972, and a preliminary injunction on November 2, 1972, prohibiting defendants from refusing to grant the two named food stamp-applicant plaintiffs such food stamps as they would be entitled to receive were it not for the challenged provision. In its order granting a preliminary injunction, the court certified the action as a proper one to be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. At that time the court also explained that, in its opinion, plaintiffs are clearly correct concerning the merits of their claim. Thereafter the parties filed cross-motions for summary judgment without submitting any additional legal argument or affidavits. On November 16, 1972, the court denied both motions, because it was uncertain whether any person presently being denied welfare benefits joined in the motion.

Several motions are now before the court: (1) motion to intervene of two members of the present class; (2) motion to intervene of two persons whose food stamp benefits were decreased, but not terminated, as a result of the challenged regulation; (3) motion to grant summary judgment on behalf of the original class; (4) motion to enter default judgment on behalf of the original class against Secretary Butz; (5) motion to grant a preliminary injunction on behalf of persons whose benefits are reduced, but not terminated.

*1. Motions Concerning Present Class Members:*

■■■ Two members of the present class seek to intervene, apparently because the initial food stamp-applicant plaintiffs are no longer eligible for food stamp benefits. The fact that the individual claims of the named plaintiffs are moot does not moot the class action portion of a lawsuit when, as in the present case, the controversy continues as to other members of the class. *See* Quevedo v. Collins, 414 F.2d 796, 797 (5th Cir. 1969); Crow v. California Dept. of Human Resources, 325 F.Supp. 1314, 1316 (N.D.Cal.1970), cert. denied, 408 U.S. 924, 92 S.Ct. 2495, 33 L.Ed.2d 335 (1972). There is, therefore, no need for these new class members to formally intervene. Instead, the court will permit them to enter an appearance through counsel and participate as class members. This eliminates the delay that might otherwise be required before the court could enter summary judgment on behalf of the class members. *See* Fed. R.Civ.P. 56(a).

The initial class members now move that the court enter judgment by default against Secretary Butz. The clerk entered default against this defendant on January 23, 1973. Secretary Butz has since asked that the entry of default be vacated, but he still has tendered no answer to the complaint, offered any excuse for not doing so, or suggested when he might file an answer. Nor has the Secretary suggested any defense he might wish to raise in his answer. The court will, therefore, proceed to consider whether judgment by default should be entered pursuant to Rule 55(e) of the Federal Rules of Civil Procedure. Because the issue is substantially the same, the court will simultaneously consider whether summary judgment should be entered against Charles Ernst, the remaining federal defendant.

■■■ Plaintiffs attack the validity of FNS Instruction 732–1, § III(D)(2)(b) on the ground that the regulation is inconsistent with the Food Stamp Program statutory provisions. This regulation was promulgated by the Secretary of Agriculture pursuant to the

---

that FNS Instruction 732–1, § III(D) (2)(b) alone conclusively provides that all who share living quarters and the expense therefor shall be considered a "household."

Because the result is the same in either case, the court need not consider whether the challenged rule stems from only one or both of the regulations.

express provisions of 7 U.S.C. § 2013(a) and (c), which provide:

(a) The Secretary is authorized to formulate and administer a food stamp program under which . . . eligible households . . . shall be provided with an opportunity to obtain a nutritionally adequate diet through the issuance to them of a coupon allotment which shall have a greater monetary value than the charge to be paid for such allotment by eligible households. . . .

(c) The Secretary shall issue such regulations, not inconsistent with this chapter, as he deems necessary or appropriate for the effective and efficient administration of the food stamp program.

This court, as it must, shows great deference to the interpretation given a statute by an agency charged with its administration. *See* Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). But in this particular case, there is little that the Secretary may properly interpret, because in § 2012(e) the statute provides a definition of the term "household." Thus, the Secretary's rulemaking power is limited in this case, despite the express statutory authorization.

The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law, for no such power can be delegated by Congress, but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.

Manhattan Gen. Equip. Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936).

The statutory definition of "household," 7 U.S.C. § 2012(e), as modified by Moreno v. USDA, 345 F.Supp. 310 (D.D.C.1972) (three-judge court), prob. juris. noted, 409 U.S. 1036, 93 S.Ct. 526, 34 L.Ed.2d 485 (1972), provides:

The term household shall mean a group of . . . individuals who are not residents of an institution or boarding house, but are living as one economic unit sharing common cooking facilities and for whom food is customarily purchased in common.

Notably, the statute contains no suggestion that all persons who share living quarters and share expenses for such quarters shall *per se* be considered a "household." Defendants, however, claim that all persons who share living quarters and share expenses for such quarters constitute an "economic unit," and for that reason, they must be considered a "household."

Although the term "economic unit" is used in the statutory definition of "household," it is nowhere itself defined in the statute. The term is, however, defined by the regulations; FNS Instruction 732–1, § III(D)(1)(d) provides:

*Economic unit* means that the common living expenses are shared from the income and resources of all members and that the basic needs of all members are provided for without regard to their ability or willingness to contribute.

There can be no doubt that this is a proper regulation for the Secretary to promulgate pursuant to 7 U.S.C. § 2013(a) and (d). It appears to be a full and fair attempt to interpret in a commonsense manner what Congress probably meant by the term. Under this definition, however, not all who share living quarters and share the expenses for such quarters are an "economic unit," which is what defendants contend; rather, the sharing of living quarters and the expenses for them would be but one factual datum to be considered.

Those who do not share income and other resources with their cotenants and who do not share any expenses except the expense of housing probably could not constitute an "economic unit" together with their cotenants under this definition. Certainly, the definition does not support any *per se* rule that they would.

There is a second reason why defendants' argument is untenable: even if plaintiffs did constitute an "economic unit" together with their cotenants, the express terms of the statutory definition of "household" preclude the defendants from considering every group that is an "economic unit" to be *per se* a "household." Section 2012(e) provides that a "household" is a group: "[1] living as one economic unit [2] sharing common cooking facilities and [3] for whom food is customarily purchased in common." Thus, in no case can a group be a "household," even if it is an "economic unit," unless it shares cooking facilities and customarily purchases food in common.

The court, therefore, concludes that the members of the present class are entitled to the entry of a judgment by default against Secretary Butz and summary judgment against the remaining federal defendant.

2. *Motions Concerning Prospective Intervenors:*

■ Two individuals, whose benefits are not denied, but only reduced, because they and their cotenants are considered a "household" as a result of the challenged regulation, seek to intervene, represent the class of all persons similarly situated, and obtain declaratory and injunctive relief against defendants. Because their claim is so nearly identical to the claim of the present class of plaintiffs, the motion will be granted.

■ The motion for a preliminary injunction will also be granted. In 7 U.S.C. § 2011 Congress explains the problem the Food Stamp Program is intended to alleviate:

> The Congress hereby finds that the limited food purchasing power of low-income households contributes to hunger and malnutrition among members of such households. . . . To alleviate such hunger and malnutrition, a food stamp program is herein authorized which will permit low-income households to purchase a nutritionally adequate diet through normal channels of trade.

Now that the legal issue of the regulation's validity has been resolved, there is no reason why, contrary to congressional intent, intervenors should be denied an adequate diet until the time that they, too, may file a motion for summary judgment.

■ Finally, for the reasons stated in the order granting temporary injunction, the court certifies that the action brought by these intervenors is a proper one to be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

In conformity with the foregoing opinion, which constitutes the court's findings of fact and conclusions of law,

It is hereby ordered that:

(1) Defendants and all persons acting by, through, or under them, are permanently enjoined from refusing to provide Food Stamps to any person for the reason that all persons with whom they share living quarters and share the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program;

(2) Defendants shall forthwith issue instructions to all participating state governments that no person shall be denied Food Stamps for the reason that all persons with whom they share living quarters and share the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program;

(3) FNS Instruction 732–1, § III(D)(2)(d), and any and all other regulations which have the effect of requiring that all persons who share living quarters and the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program are declared to be contrary to 7 U.S.C. § 2012(e), and therefore void;

(4) Defendants and all persons acting by, through, or under them, are preliminarily enjoined from refusing to give persons the full amount of Food Stamps which they would otherwise be eligible to receive for the reason that all persons with whom they share living quarters and share the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program;

(5) Defendants shall forthwith issue instructions to all participating state governments that pending the outcome of this lawsuit they shall not deny persons the full amount of Food Stamps they would otherwise be entitled to receive for the reason that all persons with whom they share living quarters and share the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program.

## ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs-in-intervention now move for summary judgment on behalf of the class of persons whose benefits under the Food Stamp Program were reduced on account of the definition of "household" in FNS Instruction 732–1, § III(D)(2)(b). Defendants have not reargued the merits of the substance of the claim, but they do raise several procedural obstacles, which, they claim, preclude the court's entering summary judgment at this time.

■ First, defendants argue that venue is improper in this district. Defendants, however, have answered the

complaint, and this objection is not raised in their answer. Any defect in venue is, therefore waived. Fed.R.Civ. P. 12(g), (h)(1).

■ Defendants next argue that the court ought not to grant summary judgment, because the action should be transferred to the Southern District of New York for the convenience of the parties. No such motion has been made by either party. The court cannot refuse to adjudicate the merits of plaintiffs' motion merely because a party might move to transfer this action at some time in the future.

■ Finally, defendants argue that the controversy is now moot, because subsequent to the time they moved for summary judgment, Ida Zeeman and Sally Gerber, the named representatives of this class, were recertified as separate households. This does not moot the controversy. First, as Judge Wollenberg explained when he considered a similar problem in Crow v. California Dept. of Human Resources, 325 F.Supp. 1314, 1316 (N.D.Cal.1970), cert. denied, 408 U.S. 924, 92 S.Ct. 2495, 33 L.Ed.2d 335 (1972), while the controversy concerning the named plaintiffs has been resolved, at least temporarily, the government's position remains unchanged, so a controversy continues to exist as to other class members. This is sufficient to allow the court to adjudicate the merits of the controversy. Moreover, the fact that the named plaintiffs have been allowed full benefits for the time being does not moot the controversy as to them.

[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case; i. e., does not make the case moot. A controversy may remain to be settled in such circumstances, e. g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices set-

tled, mitigates against a mootness conclusion.

United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953) (citations and footnotes omitted). Indeed, the Supreme Court has declared that: "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption." United States v. Oregon State Medical Soc'y, 343 U.S. 326, 333, 72 S.Ct. 690, 696, 96 L.Ed. 978 (1952). The court, therefore, cannot dismiss the suit as moot.

In conformity with the foregoing opinion and the court's opinion of February 23, 1973, which constitute the court's findings of fact and conclusions of law,

It is hereby ordered that:

(1) plaintiffs-in-intervention's motion for summary judgment is granted;

(2) defendants and all persons acting by, through, or under them, are permanently enjoined from refusing to give persons the full amount of Food Stamps they would otherwise be eligible to receive for the reason that all persons with whom they share living quarters and share the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program; and

(3) defendants shall issue instructions to all participating state governments informing them that the preliminary injunction previously entered in this suit has been made permanent, and that they are not to deny persons the full amount of Food Stamps they would otherwise be entitled to receive for the reason that all persons with whom they share living quarters and share the expenses for such quarters must be considered a single "household" for purposes of the Food Stamp Program.