Susan LEVY, on behalf of herself and all other persons similarly situated, Plaintiff,

v.

Philip L. TOIA, as Commissioner of the New York State Department of Social Services, John Harwick, as Director of the Food Stamp Program in New York State, Robert B. Travis, as Commissioner of the Sullivan County Department of Social Services, and Earl Butz, as Secretary of the United States Department of Agriculture, Defendants.

No. 76 Civ. 1905 (CMM).

United States District Court, S. D. New York.

July 19, 1977.

Mid-Hudson Valley Legal Services Project (Monroe County Legal Assistance Corp.), Monticello, N.Y., for plaintiff; Joan E. Schmukler, Middletown, N.Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants Philip L. Toia and John Harwick; Judith A. Gordon, Asst. Atty. Gen., New York City, of counsel.

William C. Rosen, Sullivan County Atty., Monticello, N.Y., for defendant Robert B. Travis.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendant Earl Butz; Eileen M. Fitzgerald, Asst. U. S. Atty., George L. Aubrey, Office of the Gen. Counsel, U. S. Dept. of Agriculture, of counsel.

METZNER, District Judge:

Plaintiff, a recipient of Aid to Families with Dependent Children (AFDC) and Food Stamps, brings this action challenging the manner in which the New York State Department of Social Services (Agency) determined her food stamp budget after her AFDC grant was reduced to reflect the receipt in 1975 of an income tax refund.

Under the program administered by the Secretary of Agriculture and cooperating state agencies pursuant to the Food Stamp Act of 1964, 7 U.S.C. § 2011, et seq., certain low-income households are entitled to purchase food coupons at a discount. Participation in the program is limited to "households whose income and other financial resources are determined to be substantial limiting factors in permitting them to pur-

chase a nutritionally adequate diet." 7 U.S.C. § 2014(a). The Secretary of Agriculture establishes uniform national standards of participation eligibility by households in the program by prescribing the amounts of household income and other financial resources to be used as criteria of eligibility. State plans must meet the standards of eligibility established by the Secretary. Pursuant to 7 U.S.C. § 2019(b), the process of determining eligibility and the level of assistance to be provided is the responsibility of the state agency.

From August 1975 through February 1976, plaintiff's AFDC grant was reduced by the Sullivan County Department of Social Services to reflect her receipt of $250 through a 1975 income tax refund. Throughout this period of the reduced AFDC grant, plaintiff's food stamp budget was not recomputed and she continued to pay for her food coupons as if she were receiving her full AFDC aid. Plaintiff alleges that this practice by the Agency violates existing federal regulations, the enacting statute, and her constitutional rights. Since the nature of plaintiff's claim is such that it is completely disposed of by application of existing federal regulations, the court's decision need go no further.

Federal regulations at 7 C.F.R. § 271.-3(c)(1) define income for food stamp purposes. Among the income included are, "Payments received from federally aided public assistance programs, general assistance programs, or other assistance programs based on need." 7 C.F.R. § 271.-3(c)(1)(f). Income tax refunds are specifically excluded from consideration with regard to the household food stamp budget. 7 C.F.R. § 271.3(c)(1)(ii)(e). Of course, the Agency is bound by validly promulgated regulations. *Hammond v. Lenfest,* 398 F.2d 705 (2d Cir. 1968).

By failing to recompute plaintiff's food stamp budget in light of her reduced AFDC monthly check, the Agency in effect followed the AFDC program in considering her income tax refund as part of the household income. The theory behind the AFDC reduction is that plaintiff, having received an income tax refund of $250, is entitled to less public assistance to meet her fixed needs. By failing to recognize that plaintiff actually receives less monthly public assistance during the reduction period, the food stamp agency is effectively including the tax refund in the household budget for the period in question.

Accordingly, plaintiff's motion for summary judgment is granted. The only relief called for in this instance is a direction to the Agency that it must recompute food stamp budgets based on the reduced level of public assistance grant when such reduction is based on the receipt of an income tax refund.

So ordered.