561 So.2d 660 (1990)
Christine WILSON, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-2135.
District Court of Appeal of Florida, First District.
May 9, 1990.
*661 Suzanne Harris, Florida Rural Legal Services, Inc., Bartow, for appellant.
Raymond R. Deckert, HRS Dist. VI Legal Counsel, Tampa, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an administrative order by which an application for food stamps was denied. We find that the appellee Department (HRS) erred in determining that as a matter of law the two individuals on whose behalf the application was filed may not constitute a separate food stamp household, and we reverse the order appealed.
Appellant applied for food stamps on behalf of her two minor grandchildren. She indicated that the children reside with appellant and her husband in accordance with a dissolution decree which placed them in their mother's custody as long as she resided with appellant, and in appellant's "care, custody and control" should their mother reside elsewhere. The children's mother was living in a separate residence belonging to appellant, and had been receiving food stamps for the children. Appellant became concerned that these benefits were being misapplied and therefore made a separate food stamp application on behalf of the children. This application was predicated upon the children's status as an independent food stamp household which did not include their mother or appellant and her husband. After an administrative hearing HRS determined that appellant is acting as a "custodial parent" and that she and her husband must therefore be included in the children's food stamp household. Because the income of the household as so defined exceeded the maximum level for food stamp eligibility, the application was denied.
The policy manual of HRS provides that "children under 18, living with the household when someone in the household is acting as a parent to that child, must be included in the household" even if the individuals do not customarily purchase food and prepare meals together. The Code of Federal Regulations contains a similar provision with regard to children "under the parental control of an adult household member... ." See section 273.1(a)(2)(i)(B), 7 C.F.R. But state policies must accord with federal eligibility standards, see Levy v. Toia, 434 F. Supp. 1081 (S.D.N.Y. 1977), and the federal regulations are valid only insofar as they are consistent with the governing federal statute. See Knowles v. Butz, 358 F. Supp. 228 (N.D.Ca. 1973).
The pertinent federal statute is 7 U.S.C.A. sec. 2012(i),[1] which defines a food *662 stamp household as an individual who purchases food and prepares meals separately, or a group who purchase food and prepare meals together, or a "parent of minor children and that parent's children" who customarily purchase food and prepare meals separate from other persons. This statute further provides that:
... Parents and children ... who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so, unless one of the parents ... is an elderly or disabled member.
The parties present argument as to whether the cited policy manual provision and federal regulation are consistent with the more limited statutory provision which refers only to a "parent," and not to persons "acting as a parent" or exercising "parental control." However, it is unnecessary to resolve this dispute at the present time since (even assuming such consistency and validity of the policy and regulation classifying appellant as a parent), the statute provides an exception to the mandatory parent-child household when "one of the parents ... is an elderly or disabled member." It was indicated below that appellant's husband was 82 years old. 7 U.S.C.A. sec. 2012(r)(1) establishes that the statutory "elderly member" provision applies to an individual who is 60 years of age or older.
Appellee HRS contends that the "elderly member" provision does not apply because appellant's husband was not certified as disabled by a licensed physician. But the statute does not impose a certification requirement with regard to the referenced provision, which expressly applies to either an elderly or a disabled individual. While the statute does otherwise address the circumstance of an individual who is both elderly and unable to purchase food and prepare meals "because such individual suffers, as certified by a licensed physician, from a disability," this language expressly modifies that portion of the statute which relates only to an individual food stamp household, and does not impact the alternative elderly or disabled member exception to the mandatory parent-child household.
Without addressing the validity of the HRS policy manual or the applicable federal regulation (and assuming accordingly that appellant and her husband could be considered their grandchildren's parents as that term is used in 7 U.S.C.A. sec. 2012(i)), since appellant's husband qualifies as an elderly member under the statute, and the mandatory parent-child household is thereby negated, it is essential in establishing the pertinent food stamp household to consider whether the individuals customarily purchase food and prepare meals together. While evidence was presented as to this matter, it was not addressed by the hearing officer because a mandatory household including appellant and her husband was established solely upon the determination that appellant was acting as a custodial parent. We conclude that the elderly member *663 provision should have been applied instead, and on remand it should be determined whether the two children customarily purchase food and prepare meals separately from others so as to constitute an independent food stamp household.
The order appealed is reversed and the cause remanded.
SMITH and JOANOS, JJ., concur.
NOTES
[1] 7 U.S.C.A. sec. 2012(i) provides that:

`Household' means (1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others, (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption, or (3) a parent of minor children and that parent's children (notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with minor children) who customarily purchase food and prepare meals for home consumption separate from other persons, except that the certification of a household as a separate household under this clause shall be reexamined no less frequently than once every 6 months; except that (other than as provided in clause (3)) parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so, unless one of the parents, or siblings, is an elderly or disabled member. Notwithstanding clause (1) of the preceding sentence, an individual who lives with others, who is sixty years of age or older, and who is unable to purchase food and prepare meals because such individual suffers, as certified by a licensed physician, from a disability which would be considered a permanent disability under section 221(i) of the Social Security Act (42 U.S.C. § 421 (i)) or from a severe, permanent, and disabling physical or mental infirmity which is not symptomatic of a disease shall be considered, together with any of the others who is the spouse of such individual, an individual household, without regard to the purchase of food and preparation of meals, if the income (as determined under section 2014(d) of this title) of the others, excluding the spouse, does not exceed the poverty line, as described in section 2014(c)(1) of this title, by more than 65 per centum....