ALLEN, Judge.
The appellant challenges an administrative order approving the action of the Department of Health and Rehabilitative Services (HRS) in prorating food stamp benefits for the appellant’s household. HRS determined the household’s eligibility and prorated benefits as of the date that HRS completed its verification of certain household information. Because this determination was not made within thirty days following the date the application for benefits was filed, 7 C.F.R. section 273.2(h)(1) requires a further determination as to whether the delay should be attributed to the fault of the household, or the fault of HRS. For cases of incomplete verification, 7 C.F.R. section 273.2(h)(l)(i)(C) indicates that before a delay may be attributed to the *1082 fault of the household HRS must have “offered to assist the household in obtaining required verification....” If HRS did not fulfill this obligation, the delay should be attributed to its own fault and under 7 C.F.R. section 273.2(h)(3)(ii) the household may be entitled to retroactive benefits.
The hearing officer in this case suggested that HRS is not obligated to offer assistance unless it would be “difficult or impossible” for the household to provide the desired verification. But 7 C.F.R. section 273.2(h)(l)(i)(C) does not qualify HRS’ obligation in this manner. Nor does 7 C.F.R. section 273.2(f)(5), which the hearing officer cited and quoted, contain any such limitation with regard to HRS’ obligation. And 7 C.F.R. section 273.15(q)(l) mandates that the hearing officer’s decision comply with the federal regulations. In concluding that the delay in this case should be attributed to the fault of the household because the necessary verification was neither difficult nor impossible to provide, the hearing officer’s decision does not comply with 7 C.F.R. section 273.2(h)(l)(i)(C) and 7 C.F.R. section 273.2(f)(5), which obligate HRS to offer and provide assistance without such qualification.
The order appealed is reversed, and the cause remanded.
SMITH, J., concurs.
ERVIN, J., concurs and dissents with written opinion.