ERVIN, Judge,
concurring and dissenting.
In seeking reversal of the hearing officer’s order upholding HRS’s decision to prorate appellant’s food stamp benefits, appellant has raised two points. Initially, appellant contends that the hearing officer erroneously concluded that the delay in processing his application was attributable to the household. Second, appellant contends that the decision to prorate his benefits was incorrect. Although I agree with the majority that the order must be reversed and remanded due to HRS’s failure to properly consider its obligations to offer and provide assistance in obtaining the required verification of the household size, I cannot agree with the majority’s implicit holding that appellant’s second point is thereby rendered moot. Therefore, I would hold that in the event the hearing officer on remand attributes the delay to the household, rather than to HRS, benefits may properly be prorated as of the date the household supplied the necessary verification information.
Although the food stamp program[1] is a federal enactment that the Secretary of the United States Department of Agriculture is authorized to administer, the responsibility for administering the local aspects of the program, including certification of applicant households, has been delegated to the applicable state agency in each participating state. 7 U.S.C.A. § 2020(a) (West 1988); 7 C.F.R. § 271.4(a) (1991). In Florida, HRS has been designated as the applicable state agency. Fla.Admin. Code Rule 10C-3.013. The program in Florida must be administered in accordance with national standards, and HRS has no authority to unilaterally amend or invalidate federal instructions or regulations to the contrary. 7 U.S.C.A. §§ 2014(b) & 2020(e)(6)(A) (West 1988); Fla.Admin.Code Rule 10C-3.011. Thus, HRS must administer the food stamp program in a manner which conforms to federal eligibility standards. See, e.g., Wilson v. Department of Health & Rehab. Servs., 561 So.2d 660 (Fla. 1st DCA 1990).
In regard to one’s entitlement to such benefits when there are delays in the processing of a food stamp application, Title 7, Section 273.2(h)(2) of the Code of Federal Regulations (1991) provides, in pertinent part, as follows:
(h) Delays in processing....
******
(2) Delays caused by the household, (i) If by the 30th day the State agency cannot take any further action on the application due to the fault of the household, the household shall lose its entitlement to benefits for the month of application. However, the State agency shall *1083 give the household an additional 30 days to take the required action, except that, if verification is lacking, the State agency has the option of holding the application pending for only 30 days following the date of the initial request for the particular verification that was missing.
Additionally, section 273.2(h)(2)(B)(ii) provides:
If the household was at fault for the delay in the first 30-day period, but is found to be eligible during the second 30-day period, the State agency shall provide benefits only from the month following the month of application. The household is not entitled to benefits for the month of application when the delay was the fault of the household.
In determining that these regulations allowed proration of benefits during the second 30-day period, the hearing officer considered the United States Department of Agriculture, Food and Nutrition Service, Southeast Regional Office, Regulation Supplement, Page No. 273.10-a-2, Transmittal No. 90-4, dated March 13, 1990, which provides:
Benefits must be provided from the date the household takes the necessary action to enable the household application to be processed. For example, if the household applies on May 1 but did not provide the necessary verification until June 15, benefits would be prorated from June 15.[2]
The hearing officer also considered the agency’s rationale for this statement, which was:
Seven CFR 273.2(h)(2) provides that if by the 30th day the State agency cannot take any further action due to the fault of the household, the household shall lose its entitlement benefits for the month of application and benefits shall be provided only from the month following the month of the application. We have determined that the day in the second 30-day period from which benefits must be prorated is the date the household takes the necessary action. Note: This policy interpretation was originally provided in Policy Memo 84-31 which was inadvertently rescinded by Policy Memo 86-16.
HRS’s food stamp policy manual, in accordance with the above regulation supplement, provides:
3-22. Proration of Benefits
* * * * * *
b. If the application is processed outside the 30 day processing standard, the receipt of retroactive benefits will be based on whether or not the reason for the delay in processing was the fault of the Department or the household (see paragraph 3-24, Delays in Processing). If the delay is the fault of the Department, the household is entitled to prorated retroactive benefits for the month of application. If the household was at fault for the delay beyond the 30 day processing standard but is found eligible during the pending period, the household shall be given benefits only from the month following the month of application and those benefits shall be prorated from the date the Department received the requested information/verification.
******
Example: A household filed its application on October 9, was interviewed on October 20, but did not provide required verification until November 13. It would have its benefits prorated from November 13 because that was the date the household took action and November is the first month an allotment is issued.
In the instant case, appellant contends that both the federal regulation supplement and the HRS policy manual are in conflict with the federal statutes and regulations, which do not mention proration. I do not agree. Courts should generally defer to an agency’s permissible interpretation of its own regulations. Abernathy v. Yeutter, 725 F.Supp. 459, 464 (W.D.Mo.1989); Fairfax Nursing Ctr., Inc. v. Califano, 590 F.2d 1297, 1301 (4th Cir.1979). *1084 The regulation supplement is an interpretative rule,[3] because it was not intended to be a legislative rule in that it was not promulgated under the federal administrative procedure act, and because it does not fill any gap in the regulatory scheme, rather it interprets the food stamp program as it is already prescribed by Congress. See generally American Postal Workers Union, AFL-CIO v. United States Postal Serv., 707 F.2d 548, 558-59 (D.C.Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984). As such, it is not accorded the same binding effect as a legislative enactment promulgated through formal rulemaking. Id. at 560. Thus, courts remain free to exercise independent judgment in determining whether the agency has reasonably interpreted the governing statute in a manner that is not plainly inconsistent with the wording of its regulations. Daughters of Miriam Ctr. for the Aged v. Mathews, 590 F.2d 1250, 1258 (3d Cir.1978); American Postal Workers Union, 707 F.2d at 560. Nevertheless, unless an interpretative rule is shown to be unreasonable or inconsistent with the governing statutes, it should be upheld. Fairfax Nursing Ctr., 590 F.2d at 1301.
I consider the regulation supplement to be a reasonable interpretation of governing law. One could reasonably interpret section 273.2(h)(2), which specifically authorizes the agency to hold an application pending in the case of delays exceeding the initial 30-day period where verification is lacking due to household fault, as meaning that an application under such circumstances would not be deemed “filed” until the necessary verification is provided. Deeming an application filed on the day the requested verification is received is analogous to deeming an initial application filed when a signed application is received. See 7 C.F.R. § 273.2(g)(1). It logically follows that proration as of the date the verification information is provided is analogous to providing food stamps for applications approved in the initial 30-day period back through the date of application. See 7 C.F.R. 273.10(a)(1)(h).
Nor is the regulation supplement plainly inconsistent with the governing statutes, because those laws do not prescribe the specific date during the second 30-day period from which benefits should be awarded in cases of delay attributable to the household, but only indicate that the agency “shall provide benefits only from the month following the month of application.” [4] Moreover, the governing laws do not expressly preclude proration as a means of awarding those benefits.
Since the regulation supplement is not unreasonable or inconsistent with governing law, it should be upheld as binding on HRS, and, as HRS’s food stamp policy manual is consistent with the regulation supplement, the manual should similarly be upheld. Consequently, if the hearing officer on remand determines that the delay was occasioned by the household, he would then be authorized to prorate benefits from the date the household supplied the necessary information, or May 25.

. 7 U.S.C.A. §§ 2011-30 (West 1988).

. This statement was the agency’s answer to the question, "If an application is not processed until the second 30-day period due to the household’s fault, from what date must the benefits be prorated?”

. Interpretative rules, as distinguished from substantive or legislative rules, simply clarify or explain existing law or regulations and may give guidance as to how the agency intends to administer a statute or regulation. Abernathy, 725 F.Supp. at 466; Daughters of Miriam Ctr., 590 F.2d 1250, 1258 (3d Cir.1978). Interpretative rules are exempted from the notice and comment rulemaking requirements under the federal administrative procedure act (5 U.S.C.A. § 553 (West 1977)).

. 7 C.F.R. § 273.2(h)(2)(B)(ii).