ERVIN, Judge.
Appellant, Irene Williamson, challenges a final administrative order entered by appel-lee, the Department of Health and Rehabilitative Services (HRS), denying her request to restore lost food stamp benefits. Appellant contends that HRS erroneously disqualified her from receiving food stamps for six months based upon her nolo conten-dere plea to a charge of welfare fraud. Because the procedures employed in this case are contrary to the federal regulations governing food stamp disqualifications, we reverse and remand with instructions to restore the lost benefits to appellant.
Appellant, a recipient of food stamp benefits, was charged with welfare fraud. She pleaded nolo contendere and was sentenced to three years of probation. Adjudication of guilt was withheld, however, and the court did not order any food stamp disqualification penalty. Approximately two and one-half months later, appellant received a notice of disqualification, informing her that she was disqualified from receiving food stamps for a six-month period. The following reason was given for the disqualification: “A court ordered your disqualification from food stamp program, even through [sic] the court withheld adjudication of guilt, on 5/4/90.”
Appellant’s lawyer subsequently requested restoration of the lost benefits. When HRS denied the request, appellant requested an appeal hearing pursuant to Section 409.285, Florida Statutes (1989).[1] At the hearing appellant argued that the federal food stamp regulations only allow for disqualification in very limited circumstances. The circumstance relevant to this case occurs if there has been a determination of guilt in criminal court on welfare fraud charges. Appellant argued that her nolo plea was not a guilty finding, thus, she should not have been disqualified from receiving food stamps. The appeals referee found that appellant’s nolo plea was the equivalent of a guilt determination, denied the appeal, and affirmed the disqualification. Hence, this appeal.
The food stamp program[2] is a federal enactment that the Secretary of the United States Department of Agriculture is authorized to administer, but responsibility for administering the local aspects of the program has been delegated to the applicable state agency in each participating state. 7 U.S.C.A. § 2020(a) (West 1988); 7 C.F.R. *594 § 271.4(a) (1992). In Florida, HRS has been designated as the applicable state agency. Fla.Admin.Code Rule 10C-3.013. HRS must administer the food stamp program in a manner which conforms to the federal standards; it has no authority to amend unilaterally or invalidate federal instructions or regulations regarding the issuance of food stamps. Cf. Wilson v. Department of Health & Rehab. Servs., 561 So.2d 660, 661 (Fla. 1st DCA1990); Fla.Admin.Code Rule 10C-3.011.
Section 273.16 of Title 7 of the Code of Federal Regulations (1992) provides that the state agency shall be responsible for investigating any case of alleged intentional violation of the food stamp program[3] and ensuring that appropriate cases are acted upon either through an administrative disqualification hearing or referral to a court of appropriate jurisdiction for prosecution. 7 C.F.R. § 273.16(a)(1) (1992). The state agency shall base disqualifications on the determinations of the hearing authorities arrived at through administrative disqualification hearings or determinations reached by the appropriate courts. 7 C.F.R. § 273.16(a)(3). However, the state agency also has the options of allowing accused persons to waive their right to an administrative disqualification hearing or sign a disqualification consent agreement in cases of deferred adjudication. Id. If the state agency exercises the above options, it may base disqualifications on, in addition to administrative or court determinations, the signed waiver or consent agreement. Id.
In the instant case, HRS elected to refer appellant’s case to the Polk County Circuit Court for prosecution.[4] The federal regulations instruct the agency in court-referred cases to encourage prosecutors to recommend to the courts that a disqualification penalty be imposed in addition to any other civil or criminal penalty for the violation. 7 C.F.R. § 273.16(g)(1)(h). As for imposition of disqualification penalties in court-referred cases, section 273.16(g)(2) provides that “[sjtate agencies shall disqualify an individual found guilty of intentional Program violation for the length of time specified by the court.” (Emphasis added.)
It is undisputed in the instant case that the court did not find appellant guilty— adjudication of guilt was specifically withheld. In a case of deferred adjudication of guilt, the pertinent federal regulation provides:
Deferred adjudication. Each State agency shall have the option of establishing procedures to allow accused individuals to sign disqualification consent agreements for cases of deferred adjudication. State agencies are encouraged to use this option for those cases in which a determination of guilt is not obtained from a court due to the accused individual having met the terms of a court order or which are not prosecuted due to the accused individual having met the terms of an agreement with the prosecutor. For State agencies which choose the option of allowing individuals to sign disqualification consent agreements in cases re *595 ferred for prosecution, the procedures shall conform with the requirements outlined in this section.
7 C.F.R. § 273.16(h) (emphasis added.)
Thus, the federal government has established the procedures to be followed in cases of deferred adjudication. By applying the statutory maxim of construction “expressio unius est exclusio alteráis,” that is, the mention of one thing implies the exclusion of the other, we conclude that the federal government has excluded all other recognized procedures for disqualification in deferred adjudication cases. Cf. J.V. v. State, 516 So.2d 1133 (Fla. 1st DCA1987) (in holding that parents of child could not be deemed to have abused their child, court noted, by applying expressio unius maxim, that because statutory subsection pertaining to neglect explicitly excluded conduct based on legitimate religious belief, and because statute defining abuse did not include such conduct, parents’ conduct based on legitimate religious belief did not constitute abuse). Compliance therefore with the procedures set out in the federal regulations is necessary to ensure the accused person is properly notified of the consequences of his or her plea in regard to his or her continued eligibility for food stamps. See 7 C.F.R. § 273.16(h)(1). In that HRS declined to proceed against appellant via an administrative disqualification hearing or waiver thereof, but rather elected to refer her case for prosecution in an appropriate court, and because the court did not find appellant “guilty,” but rather withheld adjudication of guilt, absent a disqualification consent agreement signed by appellant, we hold that HRS had no authority to disqualify appellant from receiving food stamps.[5]
REVERSED and REMANDED with directions to restore the lost benefits to appellant. 7 C.F.R. § 273.16®.
SMITH and KAHN, JJ., concur.

. Section 409.285(1) provides:
If an application for public assistance is not acted upon within a reasonable time after the filing of the application, or is denied in whole or in part, or if an assistance payment is modified or canceled, the applicant or recipient may appeal the decision to the Department of Health and Rehabilitative Services in the manner and form prescribed by the department.

. 7 U.S.C.A. §§ 2011-30 (West 1988).

. Intentional violations of the food stamp program or “intentional program violations" consist of “having intentionally: (1) Made a false or misleading statement, or misrepresented, concealed or withheld facts, or (2) committed any act that constitutes a violation of the Food Stamp Act, the Food Stamp Program Regulations, or any State statute relating to the use, presentation, transfer, acquisition, receipt, or possession of food stamps coupons.” 7 C.F.R. § 273.16(c) (1992).

. The federal regulations encourage state agencies to refer for prosecution those persons suspected of committing intentional program violations when the amount of food stamps involved is large or when the person is suspected of committing more than one intentional program violation. 7 C.F.R. § 273.16(g)(l)(ii). The state agency may not initiate an administrative disqualification hearing against an accused individual whose case is currently being referred for prosecution or subsequent to any action taken against the accused by the prosecutor or court, if the factual issues of the case arise out of the same or related circumstances. 7 C.F.R. § 273.-16(a)(1). Thus, a state agency should conduct administrative disqualification hearings in cases in which the agency believes the facts do not warrant criminal prosecution, in cases previously referred for prosecution that were declined by the appropriate legal authority, and in previously referred cases where no action was taken within a reasonable period of time and the referral was formally withdrawn by the agency. Id.

. We note that should appellant violate her probation, the court could adjudicate her guilty of welfare fraud and HRS could then disqualify her from receiving food stamp benefits based on that adjudication under section 273.16(g).