EDITH O. ANDERSON v. THE NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

No. 9218SC232

(Filed 20 April 1993)

**Social Security and Public Welfare § 1 (NCI3d)— intentional violation of Food Stamp Program—ineligibility period—time of running—regulation in conflict with statute**

7 U.S.C.A. § 2015(b)(1) (1991) requires that food stamp disqualification periods begin immediately upon a finding that a violation of the Food Stamp Program has been committed, and a federal regulation enacted by the Secretary of Agriculture pursuant to 7 U.S.C.A. § 2013(c) (1991) postponing the penalty period until the individual applies for and is determined eligible for benefits conflicts with the statute and is therefore an invalid construction of Congress's intent. Therefore, plaintiff's disqualification period began to run on 24 August 1989, the day she was informed of her 12-month disqualification for intentional violations of the Food Stamp Program, and concluded on 24 August 1990, and there was no basis for DSS to deny her food stamps when she applied, and was found income eligible, on 17 January 1991.

**Am Jur 2d, Welfare Laws § 26.**

## ANDERSON v. N.C. DEPT. OF HUMAN RESOURCES

[109 N.C. App. 680 (1993)]

Appeal by plaintiff from Judgment entered 10 January 1992 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 3 March 1993.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for the plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by Marilyn A. Bair, Associate Attorney General, for the defendant-appellee.*

WYNN, Judge.

On 26 June 1989, the Guilford County Department of Social Services held a hearing to determine whether the plaintiff, Edith O. Anderson, was guilty of intentional Food Stamp Program violations. Ms. Anderson, who had failed to attend that hearing, was informed on 24 August 1989 that she had been disqualified from receiving food stamps for twelve months because she had committed intentional violations of the Food Stamp Program. The DSS-8588 form, "Action Taken on your Administrative Hearing," which was sent to Ms. Anderson, stated that if she was satisfied with the decision and did not want a new hearing, she would not get food stamps for twelve months. The form also advised her that if she was not receiving food stamps at the present time, she would be subject to the penalty whenever she again applied and was found income eligible to receive food stamps.

Ms. Anderson understood the notice to mean that she could not receive food stamps for one year from the time that she received the notice, and, therefore, she did not reapply until 17 January 1991. At that time, she was informed that her ineligibility period had not run, and in fact would not begin to run until that day. On 2 May 1991, Ms. Anderson requested a state appeal on the denial of food stamps, which appeal was refused on 29 May 1991.

On 26 July 1991, Ms. Anderson filed a complaint in Guilford County Superior Court seeking declaratory and injunctive relief against the North Carolina Department of Human Resources ("the Department"). Prior to trial, both parties filed motions for summary judgment, which motions were heard on 4 November 1991. On 10 January 1992, judgment was entered granting the Department's motion for summary judgment, denying Ms. Anderson's motion for summary judgment, and declaring that the Department's disqualification policy did not violate any federal rules or regulations. From that judgment, Ms. Anderson appeals.

By her first assignment of error, the appellant contends that summary judgment should not have been granted to the State and denied to her. In support of this contention, she argues that 7 U.S.C.A. § 2015(b)(1) (1991) requires that food stamp disqualification periods begin immediately upon a finding that a violation has been committed. We agree.

The Food Stamp Act of 1977 provides that:

Any person who has been found by any State or federal court or administrative agency to have intentionally (A) made a false or misleading statement . . . for the purpose of . . . receiving . . . coupons . . . *shall, immediately upon the rendering of such determination, become ineligible* for further participation in the program . . . (ii) for a period of one year upon the second occasion of any such determination.

7 U.S.C.A. § 2015(b)(1) (1991) (emphasis added). The federal regulations interpreting this statute, enacted by the Secretary of Agriculture pursuant to 7 U.S.C.A. § 2013(c) (1991), however, postpone the penalty period mandated by the statute. 7 C.F.R. § 273.16(e)(8)(iii) (1992) provides that "[i]f the individual is not eligible for the Program at the time the disqualification period is to begin, the period shall be postponed until the individual applies for and is determined eligible for benefits."

The appellant argues that the regulation conflicts with the statute and as such is an invalid construction of Congress' intent. In reviewing the validity of an agency's regulation, a court "must first determine if the regulation is consistent with the language of the statute." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 100 L.Ed.2d 313, 324 (1988). Both the courts and the agencies "must give effect to the unambiguously expressed intent of Congress." *Id.* (quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 81 L.Ed.2d 694, 703, *reh'g denied*, 468 U.S. 1227, 82 L.Ed.2d 921 (1984)). Therefore, if the language of the statute is clear and unambiguous, and the regulation is contrary to that language, "that is the end of the matter" and the regulation must be declared invalid. *See K Mart*, 486 U.S. at 291-92, 100 L.Ed.2d at 324; *Chevron*, 467 U.S. at 843, 81 L.Ed.2d at 703. While traditionally the courts pay deference to an agency regulation, such deference is inappropriate where the regulation alters the clearly expressed intent of Congress. *K Mart*, 486 U.S. at 291, 100 L.Ed.2d at 324. Only where the language of the statute

is unclear, ambiguous, or fails to answer the specific question at issue should deference be paid to a contested agency interpretation. *See Chevron*, 467 U.S. at 842-43, 81 L.Ed.2d at 703.

The specific issue in the case at bar is clearly resolved by the statute. The language of the statute requires a penalty of a specified period of time, to commence immediately upon a determination that a food stamp recipient has violated the provisions of the Food Stamp Act. Furthermore, the statute provides that the period of ineligibility "shall remain in effect, without possibility of administrative stay, unless and until the finding upon which the ineligibility is based is subsequently reversed by a court . . . ." 7 U.S.C.A. § 2015(b)(3)(1991). Thus, it is clear that the subject regulation does not "give effect to the unambiguously expressed intent of Congress" because it mandates what the statute clearly prohibits: postponement of the disqualification period.

The State contends that if effect is not given the regulation, then Congress' intent to punish violators may not be realized where a violator would not be income eligible at the time his penalty is imposed. The language of the statute, however, specifically does not allow for the postponement of the ineligibility period under any circumstances. If Congress had intended such a postponement, it could have enacted a provision which would require a determination of income eligibility upon the finding of a violation. As such, if the violator was not income eligible at that time, Congress likewise could have provided for a postponement of the penalty until the violator was again income eligible. To date, Congress has not chosen to enact such a provision, and, in view of the current statutory language, neither the courts nor any federal agencies have the power to so legislate.

Ms. Anderson was found to be in violation of the Food Stamp Program on 24 August 1989. Her disqualification period, therefore, began on that date and concluded on 24 August 1990. Hence, there was no basis for DSS to deny her food stamps when she applied, and was found income eligible, on 17 January 1991.

For the foregoing reasons, the trial court's entry of summary judgment in favor of the defendant is reversed and the cause is remanded for entry of summary judgment in favor of the plaintiff.

Judges EAGLES and COZORT concur.