SHEILA LEDWELL, Petitioner/Appellee v. N.C. DEPARTMENT OF HUMAN RESOURCES, Respondent/Appellant

No. 9318SC449

(Filed 3 May 1994)

**Social Services and Public Welfare § 20 (NCI4th) — food stamps — definition of household — inclusion of child — parental control provision — definition in conflict with statute**

> The definition of "household" appearing in 7 CFR 273.1(a)(2)(i)(B) and North Carolina Food Stamp Certification

Manual, Section 1600, which requires inclusion of any child under 18 who is under the parental control of a household member, fatally conflicts with the definition of "household" set forth by the United States Congress in 7 U.S.C. 2012(i). Therefore, even though petitioner and her two fifteen-year-old nephews lived in the same household and petitioner exercised parental control over her nephews, petitioner and her nephews constituted separate households for food stamp purposes where petitioner purchased and prepared her food separately from that of her nephews.

**Am Jur 2d, Welfare Laws §§ 26 et seq.**

Appeal by respondent from order filed 22 February 1993 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 8 February 1994.

On 22 February 1993, the trial court filed the following order which is the subject of this appeal:

THIS CAUSE being heard before the undersigned Judge Presiding on February 2, 1993, during the February 1, 1993 Civil Non-Jury Session of the Superior Court for Guilford County, and the Court upon reviewing the record and listening to oral argument by counsel, finds the following as facts:

1. Sheila Ledwell lived with her two 15-year old twin nephews. She purchased and prepared her food separately from her nephews.

2. Ms. Ledwell asked her food stamp caseworker to certify her as a one-person household and her two nephews as a two-person household.

3. However, the Guilford County Department of Social Services (DSS) refused to certify the family other than as a three-person household. DSS reasoned that separate household status was not permissible because the nephews were under Ms. Ledwell's "parental control."

4. DSS based its decision on the North Carolina Food Stamp Manual, Section 6100, which states that "[a] child under 18 years of age when he is under the parental control of a household member" must be included in the same household as the adult custodian, regardless of the family's eating ar-

rangements." This Manual section followed the federal regulation's "parental control" provision at 7 C.F.R. 273.1(a)(2)(i).

5. Ms. Ledwell appealed the DSS decision, and on September 21, 1992, a state hearing officer issued a decision affirming the County's denial of separate household status to Ms. Ledwell and her nephews. On October 1, 1993, this became the final decision of the N.C. Department of Human Resources.

6. 7 U.S.C. 2012(i) provides in part that the term food stamp "household" means "a group of individuals who live together and customarily purchase food and prepare meals together for home consumption. . ."

7. While 7 U.S.C. § 2012(i) contains additional language requiring parents and siblings sometimes to be in the same "household" even if they eat separately, the statute has no "parental control" provision.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

The North Carolina Food Stamp Manual Section 6100, and 7 C.F.R. 273.1(a)(2)(i) impermissibly conflict with the "household" definition in 7 U.S.C. § 2012(i), and thereby are invalid.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. The September 21, 1992, decision of the state hearing officer, is hereby reversed.

2. The Guilford County DSS officer review the food stamp applications of Sheila Ledwell and her nephews, and if eligible, award food stamp benefits to her and her nephews as separate households, commencing on July 2, 1991, and for as long as she and her nephews lived together and were otherwise eligible.

3. The "parental control" provision in 7 C.F.R. 273.1(a)(2)(i), and in North Carolina Food Stamp Manual Section 6100, are declared invalid as conflicting with the definition of a food stamp "household" in 7 U.S.C. § 2012(i).

Respondent appeals.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Marilyn A. Bair, for respondent-appellant.*

EAGLES, Judge.

In its sole assignment of error, respondent argues that "[t]he trial court erred in reversing the decision of the state hearing officer and in declaring that the 'parental control' provision in 7 C.F.R. 273.1(a)(2)(i) and in the North Carolina Food Stamp Manual, Section 6100, conflicts with the definition of a food stamp 'household' in 7 U.S.C. 2012(i)." We disagree.

The federal Food Stamp Act provides that:

"Household" means (1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others, (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption, or (3) a parent of minor children and that parent's children (notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with minor children) who customarily purchase food and prepare meals for home consumption separate from other persons, except that the certification of a household as a separate household under this clause shall be reexamined no less frequently than once every 6 months; except that (other than as provided in clause (3) ) *parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so,* unless one of the parents, or siblings, is an elderly or disabled member.

7 U.S.C. 2012(i) (emphasis added). The federal regulation interpreting this statute, promulgated by the Secretary of Agriculture pursuant to 7 U.S.C. 2013(c), provides as follows:

(a) *Household definition-* (1) *General definition.* A household is composed of one of the following individuals or groups of individuals, provided they are not residents of an institution (except as otherwise specified in paragraph (e) of this section), are not residents of a commercial boarding house, or are not

boarders (except as otherwise specified in paragraph (c) of this section):

(i) An individual living alone;

(ii) An individual living with others, but customarily purchasing food and preparing meals for home consumption separate and apart from others;

(iii) A group of individuals who live together and customarily purchase food and prepare meals together for home consumption.

(2) *Special definition*: (i) The following individuals living with others or groups of individuals living together *shall* be considered as customarily purchasing food and preparing meals together, even if they do not do so:

. . . .

(B) Children under 18 years of age under the parental control of an adult household member;

. . . .

7 C.F.R. 273.1 (emphasis in original). The North Carolina Food Stamp Certification Manual, Section 6100, mirrors the federal regulation in that it provides:

III. PEOPLE WHO MUST BE INCLUDED IN THE SAME HOUSEHOLD

. . . .

B. A child under 18 years of age when he is under the parental control of a household member. (The household member does not have to be a parent. He can be any member, i.e., uncle, aunt.)

Respondent argues that the federal and state regulations regarding the definition of "household," appearing in 7 CFR 273.1(a)(2)(i)(B) and N.C. Food Stamp Certification Manual, Section 6100, *supra*, do not fatally conflict with the definition of "household" set forth by the U.S. Congress in 7 U.S.C. 2012(i) and accordingly represent a permissible construction of Congress' intent. We disagree.

In another decision interpreting the Food Stamp Act, *Anderson v. N.C. Dept. of Human Resources*, 109 N.C. App. 680, 682-83, 428 S.E.2d 267, 269 (1993), this Court stated:

In reviewing the validity of an agency's regulation, a court "must first determine if the regulation is consistent with the

LEDWELL v. N.C. DEPT. OF HUMAN RESOURCES

[114 N.C. App. 626 (1994)]

language of the statute." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 100 L.Ed.2d 313, 324 (1988). Both the courts and the agencies "must give effect to the unambiguously expressed intent of Congress." *Id.* (*quoting Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 81 L.Ed.2d 694, 703, *reh'g denied*, 468 U.S. 1227, 82 L.Ed.2d 921 (1984) ). Therefore, if the language of the statute is clear and unambiguous, and the regulation is contrary to that language, "that is the end of the matter" and the regulation must be declared invalid. *See K Mart*, 486 U.S. at 291-92, 100 L.Ed.2d at 324; *Chevron*, 467 U.S. at 843, 81 L.Ed.2d at 703. While traditionally the courts pay deference to an agency regulation, such deference is inappropriate where the regulation alters the clearly expressed intent of Congress. *K Mart*, 486 U.S. at 291, 100 L.Ed.2d at 324. Only where the language of the statute is unclear, ambiguous, or fails to answer the specific question at issue should deference be paid to a contested agency interpretation. *See Chevron*, 467 U.S. at 842-43, 81 L.Ed.2d at 703.

*See also Wilson v. Department of Health and Rehabilitative Services*, 561 So.2d 660, 661 (Fla. Dist. Ct. App. 1990) ("state policies must accord with federal eligibility standards, *see Levy v. Toia*, 434 F.Supp. 1081 (S.D.N.Y. 1977), and the federal regulations are valid insofar as they are consistent with the federal governing statute. *See Knowles v. Butz*, 358 F.Supp. 228 (N.D.Ca. 1973)"). Accordingly, our inquiry proceeds by determining whether the regulations are consistent with the language of 7 U.S.C. 2012(i). We conclude that the regulations are not consistent with the statute.

Regarding a household where minor children reside, the statute expressly refers to "a parent of minor children and that parent's children" as a single household unit when a certain condition is met. 7 U.S.C. 2012(i)(3). Contrasted against this specificity, there are no provisions authorizing the grouping of other relatives into a single household based upon one relative's (here the aunt's) exercise of "parental control" or acting as a parent among the other relatives (here the nephews). We find that the federal statute is clear and unambiguous and that the regulations impermissibly alter the clearly expressed intent of Congress. The statutory definition of "household" has undergone several changes since the original passage of the Food Stamp Act in 1964. *See Foster v. Celani*, 683 F. Supp. 84, 87-89 (D.Vt. 1987), *aff'd*, 849 F.2d 91 (2d Cir. 1988).

If Congress had intended to broaden the scope of the definition of "household" to extend to a relative having responsibility for exercising parental control or acting as a substitute for a minor child's parents, Congress could have written 7 U.S.C. 2012(i) to include appropriate language more broad than the term "parent" to connote such a meaning. *Cf. Dion v. Com'r, Maine Dept. of Human Services*, 933 F.2d 13, 16 (1st Cir. 1991) ("Despite the Secretary's assertion [in 7 C.F.R. 273.9(c)(7)] that 'child' in [7 U.S.C.] § 2014 should be read to embody the concept of parental control, nowhere in the statute has Congress explicitly used the concept of parental control to define the status of children under the Act"). In the absence of more broad terminology in the statute, we discern an impermissible conflict between the regulations and the statute. Accordingly, the regulations are invalid. *K Mart*, 486 U.S. at 291-92, 100 L.Ed.2d at 324; *Chevron*, 467 U.S. at 843, 81 L.Ed.2d at 703. Similarly, we conclude that the Secretary's rule-making authority, encompassing the power to "issue such regulations *consistent with this* chapter as the Secretary deems necessary or appropriate for the effective and efficient administration of the food stamp program," 7 U.S.C. 2013(c) (emphasis added), is inapposite here because the regulations are not consistent with the express provisions of 7 U.S.C. 2012(i).

For the reasons stated, the trial court's 22 February 1993 order is affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

Judges JOHNSON and LEWIS concur.