PER CURIAM.
Alba L. Pena (“Pena”) appeals from the Department of Children and Family Services’ (“DCF”) order determining her household to be eligible for only $10 in food stamp benefits. We reverse because the DCF erred in prorating the shelter expenses, thus unnecessarily reducing appellants’ food stamp benefits.
Pena applied for food stamp benefits for her 6-year-old disabled son, Richard Sorto (“Richard”). Although Richard qualified for food stamp benefits as a United States citizen, Pena is a Honduran national who is ineligible for federal food stamps due to her immigration status.
As a result of his disability, Richard receives $365 in monthly supplemental security income and $250 per month in child support. Pena has no income, yet the DCF bases the total household income on the child’s income alone. Pena and Richard have monthly household expenses including a $475 rental obligation and separate utility expenses.
In assessing Pena’s application for food stamps, the DCF treated the total household income as the income of Richard alone and prorated the $475.00 rental obligation, reducing it to $237.50. The standard utility allowance of $198.00 was also prorated and reduced to $99.00.
Since the DCF’s calculation was based on prorated shelter expenses, it found Pena’s household to be eligible for only $10 in food stamp benefits. Pena appealed this decision to the DCF’s Office of Appeal Hearings.
At the DCF’s appeal hearing, a DCF analyst testified that the DCF prorated the household expenses because Pena was not an eligible member. The DCF concluded that the Pena household should receive $10 in food stamp benefits. Pena then appealed to this Court.
*517 Pena first argues that the DCF erred in prorating the standard utility allowance. The DCF correctly concedes Pena is entitled to relief on this point. See 7 C.F.R. § 273.9(d)(6)(iii)(F).
Pena further claims error in the DCF’s decision to prorate the rental expenses. She asserts that federal food stamp policy prohibits prorating rental expenses where all household income belongs to the eligible member. Thus, Richard, the eligible citizen child, claims entitlement to deduct the full amount of the rental expense, even when it is billed to Pena, the ineligible household member. We agree.
Congress established the food stamp program to assure levels of nutrition among low-income households. See Atkins v. Parker, 472 U.S. 115, 117, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985); 7 U.S.C. § 2011. The Secretary of the United States Department of Agriculture (USDA) is responsible for establishing national standards for food stamp eligibility. See 7 U.S.C § 2014(b). According to 7 U.S.C § 2014(b) and § 2020(e)(5), no state agency operating the food stamp program, including the DCF, can alter eligibility for food stamps. Because the federal food stamp program is a matter of federal, not state law, see Atkins v. Parker, 472 U.S. 115, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985), state policies must be in accord with federal standards. See Wilson v. Department of Health & Rehab. Servs., 561 So.2d 660 (Fla. 1st DCA 1990).
In addition, this record reflects that the USDA’s Southeast Regional Office prepared a memorandum stating that the DCF’s policy of calculating deductions for households with an ineligible alien was erroneous. The memorandum stated, in pertinent part:
Under 273.9(d)(6)(iii)(F), as amended by the Noncitizen Eligibility Rule published in the Federal register on November 21, 2000, when eligible household members share utility costs with ineligible individuals, and the household elects to use the SUA, the eligible household is entitled to the entire (as opposed to a prorated) SUA. In the case of other deductible expenses, the amount allowable as deduction to the eligible household is based on the amount of the expenses paid by the eligible household even if billed to the ineligible individual. If an expense is billed to an ineligible individual and paid in its entirety by the eligible household the eligible household would be entitled to a deduction for the full amount of the expense. Under the State’s handbook, as revised effective 12-15-01, expenses' billed to an ineligible individual would be prorated even if paid in their entirety by the eligible household. We suggest that the State agency clarify its handbook to specify that in cases in which an ineligible individual is billed for a deductible expense, the eligible household is entitled to deduct the full amount of the expense that it actually pays. The expense would only be prorated if paid by both the ineligible individual(s) and the eligible household, or paid entirely by the ineligible individuals).
(emphasis added).
Consequently, because the decision of the DCF hearing officer fails to comply with federal law, it must be reversed. Alexander v. Department of Health & Rehab. Servs., 590 So.2d 1081, 1082 (Fla. 1st DCA 1991). Accordingly, we reverse and remand with instructions to the DCF to deduct the full amount of both the rental expenses and standard utility allowance in recalculating the food stamp amount and award Pena’s household food stamp benefits in accordance with the new calculations.
*518 Reversed and remanded with instructions.