JEFFREY BERNARD LINEBERGER, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF CORRECTION, A NORTH CAROLINA STATE AGENCY, AND THE NORTH CAROLINA POST-RELEASE SUPERVISION AND PAROLE COMMISSION, A NORTH CAROLINA STATE AGENCY, DEFENDANTS

No. COA07-3

(Filed 4 March 2008)

**1. Appeal and Error— preservation of issues—failure to assign error**

Although defendants appealed from the trial court's order denying summary judgment in favor of defendants and granting a declaratory judgment in favor of plaintiff in a recalculation of parole eligibility case caused by the failure to enter plaintiff's second-degree kidnapping offense into the computer system, the Court of Appeals' review is limited to whether the trial court erred in its declaratory judgment because defendants did not assign error to the ruling in their summary judgment motion as required by N.C. R. App. P. 10(a).

**2. Evidence— judicial notice—inmate petitions, grievances, prior actions**

The Court of Appeals will not take judicial notice of petitions, grievances and prior actions filed by an inmate which were not a part of the record on appeal from a declaratory judgment entered for the inmate on his claim challenging the calculation of his parole eligibility date.

1

**3. Declaratory Judgments; Probation and Parole— standard of review—interpretation of parole eligibility statutes**

The standard of review in declaratory judgment actions where the trial court decides questions of fact is whether the trial court's findings are supported by any competent evidence. Further, the trial court's interpretation of the parole eligibility statutes as applied to this case is a question of law subject to de novo review.

**4. Probation and Parole— interpretation of parole eligibility statutes—challenging calculation of date instead of validity of judgment not a collateral attack**

The trial court did not err by concluding that plaintiff's declaratory judgment action was not a collateral attack on his habitual felon status as well as the robbery, kidnapping, and conspiracy convictions because: (1) plaintiff filed a declaratory judgment action to determine how the sentencing and parole eligibility statutes should be applied to his convictions for robbery, conspiracy to commit robbery, kidnapping, and attaining the status of an habitual felon instead of challenging the validity of the convictions; (2) plaintiff's complaint for declaratory relief challenged the Parole Commission's calculation of his eligibility date and not his forty-year sentence; and (3) declaratory relief seeking clarification or construction of legal principles without denying the validity of the judgment is not a collateral attack.

**5. Appeal and Error— appealability—guilty plea—basis of review—application of parole eligibility statutes**

The trial court did not err by concluding that plaintiff's complaint was not barred by N.C.G.S. § 15A-1027 in a recalculation of parole eligibility case caused by the failure to enter plaintiff's second-degree kidnapping offense into the computer system because: (1) N.C.G.S. § 15A-1027 provides that noncompliance with procedures required in guilty pleas may not be a basis for review of a conviction after the appeal period for the conviction has expired; and (2) plaintiff challenged the application of the parole eligibility statutes to his forty-year sentence and did not directly challenge the forty-year sentence itself.

**6. Probation and Parole— immaterial conclusion—statutory violation—calculation of parole eligibility**

Although defendant contends the trial court erred by concluding that plaintiff's sentence violated former N.C.G.S.

§ 15A-1340.4 in a recalculation of parole eligibility case caused by the failure to enter plaintiff's second-degree kidnapping offense into the computer system, this conclusion was immaterial because the Court of Appeals determined that the trial court's calculation of plaintiff's parole eligibility did not disturb his forty-year sentence.

**7. Probation and Parole— habitual felon—calculation of parole eligibility**

The trial court did not err in a recalculation of parole eligibility case, caused by the failure to enter plaintiff's second-degree kidnapping offense into the computer system, by determining that the Parole Commission should either apply the ninety-day parole to only fifteen years for a presumptive term for kidnapping as an habitual felon or treat the forty-year sentence as an habitual felon sentence and not apply the ninety-day parole rule, because the trial court's conclusion of law comported with the statutory provisions of N.C.G.S. §§ 15A-1340.4, 15A-1380.2(a) & (h) since the second-degree kidnapping conviction was not subject to community service parole.

**8. Declaratory Judgments— findings of fact—sufficiency of evidence—recalculation of parole eligibility**

The trial court's findings of fact were sufficient to support the pertinent declaratory judgment entered in favor of plaintiff inmate in a recalculation of parole eligibility case caused by the failure to enter plaintiff's second-degree kidnapping offense into the computer system, because: (1) finding 4 was supported in the record by the sentencing hearing transcript attached to plaintiff's complaint; (2) a copy of the plea arrangement supported finding 5 where it stated the sentence was capped at forty years; (3) finding 7 was supported by competent evidence when one could interpret the plea agreement, which stated plaintiff's sentence would be capped at forty years, did not equate to an agreement to a forty-year sentence; (4) findings 9 and 10 were supported by the Parole Commission's 1994 letter to plaintiff informing him of his parole eligibility status and the NC DOC's August 2000 letter to plaintiff; (5) finding 11 was supported by plaintiff's exhibit D which defendants admitted as true in their answer; and (6) additional findings of fact were not required where the facts supporting the conclusion of law are not disputed, and it was undisputed for conclusion of law 2 that plaintiff filed an earlier motion for

appropriate relief, sought declaratory relief, and his complaint was not procedurally barred.

Judge GEER concurring in result only.

Judge JACKSON dissenting.

Appeal by defendants from order and judgment entered 7 June 2006 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 29 August 2007.

*Glover & Petersen, P.A., by Ann B. Petersen, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth F. Parsons, for defendants-appellants.*

CALABRIA, Judge.

The North Carolina Department of Correction ("NCDOC") and the North Carolina Post-Release Supervision and Parole Commission ("Parole Commission") (collectively "defendants") appeal from an order and judgment denying defendants' motion for summary judgment and entering a declaratory judgment in favor of Jeffrey Bernard Lineberger ("plaintiff"). We affirm.

On 5 January 1994, in Mecklenburg County Superior Court, pursuant to a plea agreement, plaintiff was convicted of one count of common law robbery, one count of second-degree kidnapping, and one count of conspiracy to commit common law robbery. Plaintiff attained the status of an habitual felon on the common law robbery and second-degree kidnapping charges. The plea agreement provided that the charges be consolidated and the sentence not exceed forty years. Mecklenburg County Superior Court Judge Robert O. Lewis sentenced plaintiff to forty years in the NCDOC pursuant to the Fair Sentencing Act.

On 13 April 1994, plaintiff's parole case analyst informed plaintiff his earliest parole eligibility date would be 11 December 2000 and, because of the second-degree kidnapping offense, his case would be reviewed for parole 270 days prior to his maximum release date, 12 December 2013. On 22 August 2000, the NCDOC informed plaintiff his parole eligibility date was 10 December 2000. Plaintiff alleges this date was based on N.C. Gen. Stat. § 14-7.6 and N.C. Gen. Stat. § 15A-1371, providing that habitual felons are eligible for parole

after serving seven years of their sentence. At that time, plaintiff was held in minimum custody, granted work release and preparing for a December 2000 review for release on parole.

On 28 November 2000, the Parole Commission informed plaintiff that his second-degree kidnapping offense had not been entered into the computer system and his parole eligibility ·date changed due to the addition of the kidnapping offense. The Parole Commission calculated plaintiff's eligibility date to be ninety days prior to his final release date, or 2 September 2011. The effect of this change resulted in plaintiff's demotion to medium custody and removal from work release.

On 19 February 2004, plaintiff filed a motion for appropriate relief to withdraw his guilty plea on the basis that the recalculation of his parole date disregarded the consolidated sentence and therefore was a breach of the plea agreement. On 27 April 2004, the court denied the motion for appropriate relief.

On 23 November 2005, plaintiff filed a complaint in Wake County Superior Court seeking, *inter alia*, "a declaratory judgment interpreting and construing N.C.G.S. § 14-1.1 (1993), N.C.G.S. § 14-7.1 et seq. (1993), N.C.G.S. § 15A-1340.4(b) & (f), N.C.G.S. § 15A-1371 (1993) and N.C.G.S. § 15A-1380.2 (1993); as those statutes relate to the calculation of Plaintiff's parole eligibility date." Defendants answered the complaint asserting that the recalculation corrected a computer error in parole eligibility dates.

On 8 March 2006, defendants moved for summary judgment. After a hearing on 11 April 2006, Superior Court Judge Donald W. Stephens denied defendants' motion for summary judgment and entered a declaratory judgment for the plaintiff. The trial court ordered defendants to recalculate plaintiff's parole eligibility date by either (1) considering plaintiff's forty-year sentence as an habitual felon sentence without regard to the ninety-day end of term parole provisions of N.C.G.S. § 15A-1380.2, or (2) if the Parole Commission applied N.C.G.S. § 15A-1380.2, then the ninety-day end-of-term parole provisions must be applied on the basis that plaintiff received a fifteen-year sentence for kidnapping not a forty-year sentence for kidnapping.

[1] Defendants appeal the trial court's order denying summary judgment for defendants and granting a declaratory judgment in favor of plaintiff. Defendants did not assign error to the ruling on their sum-

mary judgment motion. Therefore, our review is limited to whether the trial court erred in its declaratory judgment in favor of the plaintiff. N.C.R. App. P. 10(a) (2007).

[2] The dissent supplements the facts listed above by including prior grievances, actions, and petitions filed by the plaintiff before the commencement of the appeal. As to the supplemented proceedings, which were filed *pro se*, only the prior actions are mentioned in the record on appeal.[1] None of the petitions and grievances cited by the dissent could be located in the record.

Rule 9 of the North Carolina Rules of Civil Procedure limits our review to the record, transcript and any items filed with the record. "In appeals from the trial division of the General Court of Justice, *review is solely upon the record on appeal,* the verbatim transcript of proceedings, . . . and any items filed with the record on appeal pursuant to Rule 9(c) and 9(d)." N.C.R. App. P. 9(a) (2007) (emphasis added). In addition to the record on appeal, appellate courts may take judicial notice of their own filings in an interrelated proceeding. However, judicial notice of an interrelated proceeding is limited to proceedings with the same parties, the same issues, and the parties refer to the interrelated case in the case under consideration. *West v. Reddick, Inc.,* 302 N.C. 201, 202, 274 S.E.2d 221, 223 (1981). Appellate courts may take judicial notice *ex mero motu* on "any occasion where the existence of a particular fact is important . . . ." *Id.,* 302 N.C. at 203, 274 S.E.2d at 223. Facts which are either so notoriously true as not to be the subject of reasonable dispute or "capable of demonstration by readily accessible sources of indisputable accuracy" are subject to judicial notice. *Id.* (citing *Kennedy v. Parrott,* 243 N.C. 355, 358, 90 S.E.2d 754, 756 (1956)).

Here, there was no request by defendants to take judicial notice of the petitions, grievances, and prior actions. Most of the federal opinions cited by the dissent are brief and unpublished, and do not provide enough information to determine that the issues are the same. *See Lineberger v. York,* No. 03-6456 (4th Cir. Nov. 25, 2003); *Lineberger v. York,* No. 03-6771 (4th Cir. Sept. 24, 2003); *see also State*

---

1. Specifically, the record included an affidavit and a motion for summary judgment by defendants in plaintiff's suit against Michael York filed in United States District Court, Middle District of North Carolina, file No. 1:02CV00210, asserting a § 1983 claim under Title 42 of the Civil Rights Act. (Counsel for defendants also referenced this action at the hearing on the declaratory judgment action in the context of introducing the affidavit as an exhibit). In addition, defendants' brief in support of their motion for summary judgment references two federal actions and a state court action filed by plaintiff.

*v. Lineberger*, —— N.C. ——, 597 S.E.2d 771 (2004) (dismissing plaintiff's petition without analysis).

In *Lineberger v. York*, filed in the United States District Court, Middle District of North Carolina in 2003, plaintiff asserted a claim under 42 U.S.C. § 1983 and sought a declaratory judgment. However, the Middle District of North Carolina granted defendants' motion for summary judgment against plaintiff, in part because declaratory relief on the issue of parole calculation is not available under 42 U.S.C. § 1983. *Lineberger v. York*, No. 1:02CV00210 (M.D.N.C. filed April 25, 2003). Since the federal court dismissed plaintiff's claim in part because declaratory relief was not available under 42 U.S.C. § 1983, and did not determine whether his parole was erroneously calculated, judicial notice of plaintiff's prior action in federal court is not "important" to his current action seeking declaratory relief. *West*, 302 N.C. at 203, 274 S.E.2d at 223.

Since copies of plaintiff's petitions, grievances, and prior actions (with the exception of *Lineberger v. York*, No. 1:02CV00210) were not included with the record on appeal and since the appellants did not make a request for judicial notice of the petitions, grievances and prior actions, we respectfully decline to base our review on matters outside the record as that would require deviation from the North Carolina Rules of Appellate Procedure.

## I. Standard of Review

[3] The standard of review in declaratory judgment actions where the trial court decides questions of fact is whether the trial court's findings are supported by any competent evidence. *Cartner v. Nationwide Mutual Fire Ins. Co.*, 123 N.C. App. 251, 253, 472 S.E.2d 389, 390 (1996); *Walker v. Penn Nat'l Sec. Ins. Co.*, 168 N.C. App. 555, 559, 608 S.E.2d 107, 110 (2005). Where the findings are supported by competent evidence, the trial court's findings of fact are conclusive on appeal. *Walker*, 168 N.C. App. at 559, 608 S.E.2d at 110. This is true even when there is evidence which "sustain[s] findings to the contrary." *Cartner*, 123 N.C. App. at 253, 472 S.E.2d at 390.

Whether or not the trial court's interpretation of the parole eligibility statutes as applied to this case was correct is a question of law, subject to *de novo* review. *Teasley v. Beck*, 155 N.C. App. 282, 288, 574 S.E.2d 137, 141 (2002) (citing *County of Durham v. N.C. Dep't of Env't & Natural Resources*, 131 N.C. App. 395, 396, 507 S.E.2d 310, 311 (1998)).

## II.  Defendants' First Argument

Defendants argue the declaratory judgment in favor of plaintiff was in error because: (a) a declaratory judgment may not be used to collaterally attack a prior judgment; (b) plaintiff's claim is barred by § 15A-1027; and (c) the trial court's interpretation of § 15A-1340.4 was in error.

### A.  Collateral Attack

**[4]** Defendants argue that plaintiff's suit is a collateral attack on his habitual felon status as well as the robbery, kidnapping, and conspiracy convictions. We disagree.

"Questioning the validity of the original conviction is an impermissible collateral attack." *State v. Flemming*, 171 N.C. App. 413, 417, 615 S.E.2d 310, 313 (2005) (citing *State v. Creason*, 123 N.C. App. 495, 500, 473 S.E.2d 771, 773 (1996)). "A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid. A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." *Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 601, 646 S.E.2d 826, 830 (July 17, 2007) (No. COA06-690) (citations and internal quotations omitted).

Defendants cite *State v. Flemming, inter alia,* in support of their argument. *Flemming* involved a criminal defendant who appealed his habitual felon conviction on numerous legal arguments, including insufficient evidence to prove the trial court's jurisdiction to enter a felony conviction. *Flemming*, 171 N.C. App. at 417, 615 S.E.2d at 313. This Court overruled that assignment of error because defendant's argument questioned the validity of the original conviction. *Id.*

Here, plaintiff filed a declaratory judgment action to determine how the sentencing and parole eligibility statutes should be applied to his convictions for robbery, conspiracy to commit robbery, kidnapping, and attaining the status of an habitual felon. Plaintiff does not challenge the validity of his convictions.

The dissent concludes that the relief granted by the trial court altered plaintiff's forty-year sentence. The plaintiff's forty-year sentence imposed in 1994 remains in effect. Plaintiff's complaint for declaratory relief challenges the Parole Commission's calculation of his eligibility date and not his forty-year sentence.

LINEBERGER v. N.C. DEP'T OF CORR.

[189 N.C. App. 1 (2008)]

Declaratory relief seeking clarification or construction of legal principles without denying the validity of the judgment is not a collateral attack. *Brickhouse v. Brickhouse*, 104 N.C. App. 69, 72, 407 S.E.2d 607, 609 (1991) (declaratory relief not a collateral attack where the plaintiff was not attacking the validity of the will but was asking the court to construe the will to determine who could take under it); *compare State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (one superior court judge prohibited from changing the judgment of another judge made in the same action).

At plaintiff's hearing on the declaratory judgment action, Judge Stephens recognized the Superior Court in Mecklenburg County had denied plaintiff's motion for appropriate relief. Plaintiff's *pro se* motion for appropriate relief requested vacating his conviction and withdrawing his guilty plea. Judge Stephens stated that he "can't do anything about that." Judge Stephens entered a declaratory judgment for the plaintiff but this relief did not vacate plaintiff's conviction or withdraw his plea; that would have been an impermissible collateral attack. We conclude that defendants' argument that plaintiff is using the declaratory judgment act to collaterally attack his convictions is without merit. Any error on this ground is overruled.

## B. N.C. Gen. Stat. § 15A-1027

[5] Next defendants argue that plaintiff's complaint is barred by N.C. Gen. Stat. § 15A-1027. N.C. Gen. Stat. § 15A-1027 provides that non-compliance with procedures required in guilty pleas "may not be a basis for review of a conviction after the appeal period for the conviction has expired." N.C. Gen. Stat. § 15A-1027 (2007). The only case cited by defendants in support of this argument is *State v. Rush*, 158 N.C. App. 738, 582 S.E.2d 37 (2003). We find this case distinguishable.

In *State v. Rush*, the defendant pled guilty to two counts of assault with a deadly weapon on a law enforcement officer and one count of common law robbery. 158 N.C. App. at 739, 582 S.E.2d at 38. The defendant was sentenced to a minimum of twenty-four months and maximum of thirty-eight months on each count. That sentence was suspended and she was placed on probation. *Id.* Her plea agreement provided for two twenty-four month suspended sentences. *Id.* The defendant violated her probation twice. *Id.*, 158 N.C. App. at 740, 582 S.E.2d at 38. The court activated her sentence and she was ordered to serve twenty-four to thirty-eight months for each offense.

*Id.* Defendant did not object that the sentence was inconsistent with the plea agreement. Furthermore, rather than appealing the inconsistency, the defendant appealed the activation of her sentence. 158 N.C. App. at 739, 582 S.E.2d at 38. This Court held that defendant could not challenge the activation of the sentence on the basis that it is inconsistent with the plea agreement, because, *inter alia,* N.C. Gen. Stat. § 15A-1027 does not allow noncompliance with procedures governing guilty pleas as a basis for review of a conviction after the appeal period has expired. 158 N.C. App. at 741, 582 S.E.2d at 39.

Unlike the defendant in *Rush,* here, plaintiff is seeking declaratory relief in the form of a ruling on whether the trial court correctly applied the parole eligibility statutes to plaintiff's sentence, and not challenging the sentence itself. Interpretation of parole eligibility statutes is considered proper subject matter for a declaratory judgment. *See Price v. Beck,* 153 N.C. App. 763, 765, 571 S.E.2d 247, 249 (2002) (inmate seeks declaratory relief from incorrect calculation of his parole date); *Robbins v. Freeman,* 127 N.C. App. 162, 163-64, 487 S.E.2d 771, 772 (1997) (inmate sought declaratory judgment determining his parole eligibility); *Teasley,* 155 N.C. App. at 284, 574 S.E.2d at 139 (inmate seeking declaratory judgment on application of credit to calculate parole eligibility).

Although the trial court found the forty-year sentence exceeded the total of presumptive terms for each felony offense and concluded that the maximum sentence the court could impose for the kidnapping charge was fifteen years, the order was limited to the calculation of parole eligibility based on a forty-year sentence and did not change plaintiff's original sentence. Plaintiff's complaint is not barred by N.C. Gen. Stat. § 15A-1027, because plaintiff is challenging the application of the parole eligibility statutes to his forty-year sentence, and not directly challenging the forty-year sentence itself. This assignment of error is overruled.

## C. Presumptive Prison Term

**[6]** Defendants contend the trial court erred in concluding that plaintiff's sentence violates N.C. Gen. Stat. § 15A-1340.4 (1993) (Cum. Supp. 1994) (repealed effective Oct. 1, 1994). N.C. Gen. Stat. § 15A-1340.4(f) provides the presumptive prison term for felonies under Chapter 14 and "any other specific penalty statutes." Under this section, the presumptive prison term for a Class C felony is imprisonment for fifteen years. *Id.*

In its order, the trial court concluded that:

4. Because the sentence the Court imposed for Plaintiff's kidnapping conviction only comprised a portion of the forty (40) year consolidated sentence, the most that can be said is that fifteen (15) years of the forty (40) year sentence should be treated as a sentence for kidnapping. This is so because, under N.C.G.S. §15A-1340.4, a sentence imposed for a felony offense, such as the kidnapping offense here, may not exceed the presumptive term unless the Court specifically finds in the record aggravating factors to justify a sentence greater than the presumptive. The presumptive term on the kidnapping charge was fifteen (15) years. FN2 In this case, the Court did not make any findings in aggravation or mitigation, but rather imposed the forty (40) year consolidated sentence without making such findings. (See, N.C.G.S §15A-1340(4).)

FN2 The presumptive term under the Fair Sentencing Act for second degree kidnapping is nine (9) years. However, since the kidnapping charge was enhanced to a Class C felony due to Plaintiff's habitual felon status, the presumptive term was fifteen (15) years.

Defendants argue that this conclusion of law is in error because the sentencing court could have sentenced in excess of the presumptive term without considering aggravating or mitigating factors if "[it] imposes a prison term pursuant to any plea arrangement as to sentence under Article 58 of this Chapter . . . ." N.C. Gen. Stat. § 15A-1340.4(a). This conclusion is based on the interpretation that the forty-year sentence was not imposed "pursuant to any plea arrangement as to sentence." Even if this conclusion were in error, since we determine that the trial court's calculation of plaintiff's parole eligibility does not disturb his forty-year sentence, whether the trial court erred in concluding the forty-year sentence violates N.C. Gen. Stat. § 15A-1340.4 is immaterial.

### III. Defendants' Second Argument

[7] Defendants next argue that under the Fair Sentencing Act and habitual felon sentencing statutes, (1) plaintiff's parole eligibility date was correctly calculated by the Parole Commission, and (2) any ambiguity in § 15A-1380.2(h) should be resolved in favor of the agency's interpretation of the statute so long as that interpretation is reasonable. We disagree.

LINEBERGER v. N.C. DEP'T OF CORR.

[189 N.C. App. 1 (2008)]

"Legislative intent controls the meaning of statutes." *Teasley*, 155 N.C. App. at 288, 574 S.E.2d at 141 (citing *Francine Delany New School for Children, Inc. v. Asheville City Bd. of Educ.*, 150 N.C. App. 338, 345, 563 S.E.2d 92, 97 (2002)). In determining legislative intent, a court "must analyze the statute as a whole, considering the chosen words themselves, the spirit of the act, and the objectives the statute seeks to accomplish." *Id.* (quoting *Brown v. Flowe*, 349 N.C. 520, 522, 507 S.E.2d 894, 895 (1998)).

Defendants contend that plaintiff's kidnapping conviction "permeates the entirety of his consolidated sentence" and therefore his parole eligibility should be calculated as ninety days before the expiration of his term, without eligibility for community service parole. N.C. Gen. Stat. § 15A-1380.2(a) & (h) (1993) (Cum. Supp. 1994) (repealed effective Oct. 1, 1994). Defendants assert that the trial court should have deferred to the Parole Commission's interpretation of the parole eligibility statutes citing *County of Durham*, 131 N.C. App. at 396, 507 S.E.2d at 311 and *Teasley*, 155 N.C. App. at 289, 574 S.E.2d at 141.

In *County of Durham*, this Court affirmed a declaratory ruling issued by the NCDENR pursuant to N.C. Gen. Stat. § 150B-45 (1991), recognizing "a tenet of statutory construction that a reviewing court should defer to the agency's interpretation of a statute it administers 'so [] long as the agency's interpretation is reasonable and based on a permissible construction of the statute.'" 131 N.C. App. at 397, 507 S.E.2d at 311 (quoting *Carpenter v. N.C. Dept. of Human Resources*, 107 N.C. App. 278, 279, 419 S.E.2d 582, 584 (1992)).

In *Teasley v. Beck*, this Court deferred to the Parole Commission's interpretation of the parole statutes, evidenced by affidavits submitted by the Parole Commission, namely whether gain or meritorious time applied to alter parole eligibility for life sentences. *Teasley*, 155 N.C. App. at 289, 574 S.E.2d at 142. In that case, this Court found the Parole Commission's interpretation to be reasonable. *Id.*

Here, defendants submitted an affidavit by Melita Groomes, Executive Director of the Post-Release Supervision and Parole Commission, which explained that plaintiff is eligible only for end-of-term parole based on the Parole Commission's interpretation of N.C. Gen. Stat. § 15A-1380.2(h). N.C. Gen. Stat. § 15A-1380.2(h) states "[n]o prisoner convicted under Article 7A of Chapter 14 of a sex offense, under G.S. 14-39, 14-41, or 14-43.3, or under G.S. 90-95(h) of a drug

trafficking offense shall be eligible for community service parole." N.C. Gen. Stat. § 15A-1380.2(h). If a prisoner is not eligible for community service parole, he is eligible for ninety-day parole. N.C. Gen. Stat. § 15A-1380.2(a).

Plaintiff argues that because plaintiff's kidnapping conviction is only part of the forty-year consolidated sentence, his habitual felon status should determine parole eligibility, under N.C. Gen. Stat. § 15A-1371. Plaintiff contends defendants' interpretation of the statutes is incorrect. Specifically, it would result in eligibility for discretionary parole in twenty years for a life imprisonment (the maximum term) sentence when a person is convicted of second-degree kidnapping and attaining the status of an habitual felon. However, the plaintiff, who is sentenced to a total of forty years, is not eligible for parole until ninety days before completion of his forty-year sentence. We agree. Defendants' interpretation, unlike *Teasley*, is not reasonable.

The next question is whether the trial court properly applied the statutes to plaintiff's sentence. The trial court determined that the Parole Commission should either apply the ninety-day parole to only fifteen years for a presumptive term for kidnapping as an habitual felon, or treat the forty-year sentence as an habitual felon sentence and not apply the ninety-day parole rule.

The most serious offense here was attaining habitual felon status, which carries a presumptive term of fifteen years. N.C. Gen. Stat. § 15A-1340.4(f) (Class C felonies have a presumptive term of fifteen years imprisonment; Class E felonies have presumptive term of nine years).

Here, Judge Stephens ordered:

For purposes of calculating Plaintiff's parole eligibility, the Department of Correction and the Parole Commission must either consider Plaintiff's forty (40) year consolidated sentence as an habitual felon sentence without regard to the 90-day end of term parole provisions of N.C.G.S. § 15A-1380.2 (1995) applicable to kidnapping sentences or if they consider Plaintiff's sentence as a kidnapping sentence subject to the end of term parole provisions of N.C.G.S. § 15A-1380.2 (1995), they must apply the 90-day end of term parole provisions only on the basis that Plaintiff received a fifteen (15) year sentence for kidnapping, rather than a forty (40) year sentence for kidnapping.

This conclusion of law comports with the statutory provisions of N.C. Gen. Stat. §§ 15A-1340.4, 15A-1380.2(a) & (h), because the second-degree kidnapping conviction is not subject to community service parole. We affirm.

### IV. Defendants' Third Argument

[8] Defendants argue that the trial court's findings of fact are insufficient "to support the declaratory judgment entered." We disagree.

Our question on review is whether the findings of fact are supported by any competent evidence and whether those findings support the conclusions of law. *Walker*, 168 N.C. App. at 559, 608 S.E.2d at 110. Findings supported by "any competent evidence" are conclusive, even when there is evidence which "sustain[s] findings to the contrary." *Cartner*, 123 N.C. App. at 253, 472 S.E.2d at 390.

Defendants challenge findings of fact 4, 5, 7, 9, 10, 11 and the lack of findings on the issue of procedural bar.

Finding of fact number four states:

4. During the plea colloquy, Plaintiff's counsel informed the Court of the terms and conditions of the plea agreement between the State and the Plaintiff; to wit: that the counts would be consolidated for sentencing and the sentence to be imposed by the Court could not exceed forty (40) years.

This finding is supported in the record by the sentencing hearing transcript attached to plaintiff's complaint. This is competent evidence and we affirm.

Finding of fact number five states: "5. The plea agreement did not contain any agreement as to the sentence Plaintiff would receive upon his guilty plea, except that it stated the sentence would not exceed forty (40) years." A copy of the plea arrangement supports this finding where it states the sentence is capped at forty years, "(i.e. sentence not to exceed 40 years)." We affirm.

Finding of fact number seven states:

Because there was no plea agreement as to the sentence Plaintiff would receive, the Court was required under N.C.G.S. § 15A-1340.4 to make findings of aggravating factors before imposing a sentence that exceeded the presumptive term for each of the three (3) counts. (See N.C.G.S. § 15A-1340.4 (1993).) Under

N.C.G.S. § 15A-1340.3, the Court was prohibited from imposing a consolidated sentence on the three (3) separate felony convictions that exceeded the total of the presumptive terms of each felony so consolidated, without first making findings in aggravation to support such a sentence. The presumptive term on the common law robbery conviction was fifteen (15) years, due to the fact that under the habitual felon statute it was enhanced to a Class C felony. See, N.C.G.S. § 15A-1340.4(f); 14-7.6. The presumptive term on the kidnapping conviction was also fifteen (15) years, because it too was enhanced to a Class C felony under the habitual felon statute. Id. The presumptive term on the conspiracy to commit common law robbery conviction was three (3) years, due to the fact that this charge was not subject to the habitual felon enhancement. The total of the presumptive terms for the three (3) consolidated counts was thirty-three (33) years. The Court's imposition of the consolidated sentence of forty (40) years exceeded that allowed under N.C.G.S. § 15A-1340.4 because it exceeded the total of the presumptive terms for each felony offense so consolidated.

This finding is supported by competent evidence because one could interpret the plea agreement which stated plaintiff's sentence would be capped at forty years does not equate to an agreement to a forty-year sentence. We affirm.

Finding of fact number nine states:

Upon Plaintiff's admission to the Department of Correction, Defendants, as required by law, calculated Plaintiff's parole eligibility date. Defendants originally treated Plaintiff's sentence as a forty (40) year habitual felon sentence and applied the parole eligibility statutes applicable to habitual felon sentences in calculating his parole eligibility date; to wit: N.C.G.S. § 14-7.6 and N.C.G.S. § 15A-1380.1.

Finding of fact number ten states: "[b]ecause a person sentenced as an habitual felon under the Fair Sentencing Act is eligible for parole after serving seven (7) years of his sentence, Defendants initially calculated Plaintiff's parole eligibility date to be December 10, 2000. (See N.C.G.S. §14-7.6 and N.C.G.S. §15A-1371)."

We find competent evidence to support findings of fact numbers nine and ten. Specifically, the Parole Commission's 1994 letter to plaintiff informing him of his parole eligibility status and

**LINEBERGER v. N.C. DEP'T OF CORR.**

[189 N.C. App. 1 (2008)]

the NCDOC's August 2000 letter to plaintiff. This assignment of error is overruled.

Finding of fact number eleven states: "On August 22, 2000, the Department of Correction, informed Plaintiff by letter that his parole eligibility date on the forty (40) year sentence was December 10, 2000. At the time Plaintiff received this letter, he was in minimum custody, on work release and preparing to be reviewed for release on parole in December 2000."

We find competent evidence to support finding of fact number eleven in the form of plaintiff's exhibit D, which defendants admitted as true in their answer.

Defendants assign error to conclusion of law number two, that plaintiff is not procedurally barred from filing his complaint for a declaratory judgment and his issues could not be properly raised in a motion for appropriate relief and failure to raise issues does not constitute a procedural bar. Defendants argue this case is barred by *Jernigan v. State*, 279 N.C. 556, 184 S.E.2d 259 (1971) and that the trial court was required to make specific findings on this issue. We disagree.

Additional findings of fact are not required where the facts supporting the conclusion of law are not disputed. *See Cumberland Homes, Inc. v. Carolina Lakes Prop. Owners' Ass'n*, 158 N.C. App. 518, 520-21, 581 S.E.2d 94, 96 (2003). It is undisputed that plaintiff filed an earlier motion for appropriate relief, and that plaintiff seeks declaratory relief. As we discussed in Section II of this opinion, plaintiff's complaint is not procedurally barred. Affirm.

As a final matter we note that defendants assigned forty errors in the record on appeal but argued thirty-one assignments of error in their brief. When assignments of error are not argued, they are abandoned pursuant to N.C.R. App. P. 28(b)(6) (2007). Therefore, nine assignments of error are deemed abandoned.

Affirmed.

Judge GEER concurs in the result only in a separate opinion.

Judge JACKSON dissents in a separate opinion.

GEER, Judge, concurring in the result only.

With respect to the merits of this appeal, I agree that the trial court should be affirmed, but I reach this conclusion on different grounds than that of the majority opinion. I concur fully with the majority opinion's conclusion that this case does not represent a collateral attack on plaintiff's 1994 criminal judgment imposing a sentence of 40 years. In order for this case to constitute a collateral attack, Lineberger would have to be seeking relief from his 40-year sentence. He is not. Regardless of the outcome of this case, Lineberger's 40-year sentence remains intact. The only material question presented by Lineberger is how his parole eligibility should be calculated—an issue that the parties do not dispute may properly be resolved by an action for a declaratory judgment.

As support for their "collateral attack" contention, defendants rely upon the trial court's determination that the 40-year sentence was unlawful. The trial court did not, however, purport to take any action or grant any relief after making that observation.

More importantly, that finding is simply immaterial to the resolution of this appeal. This appeal presents a forest-and-trees problem. Defendants' various contentions on appeal distract from the core question: Whether defendants have presented any authority to support their contention that parole eligibility should be calculated based on an assumption that the 40-year sentence represented a 40-year sentence for second degree kidnapping? Since defendants have cited no authority supporting their fundamental position, I would affirm the trial court.

In this case, defendants take the position that, under the Fair Sentencing Act, N.C. Gen. Stat. § 15A-1380.2(h) (1994), Lineberger's conviction for second degree kidnapping precludes him from receiving community service parole. That statute states simply: "No prisoner convicted under Article 7A of Chapter 14 of a sex offense, under G.S. 14-39, 14-41, or 14-43.3, or under G.S. 90-95(h) of a drug trafficking offense shall be eligible for community service parole." There is no question that Lineberger was convicted under § 14-39 of second degree kidnapping.

The statute does not, however, specifically address the situation present in this case in which a consolidated judgment was entered for three separate charges, only one of which was second degree kidnapping. Defendants acknowledge that their calculation of parole eligibility is based on the assumption that § 15A-1380.2(h) bars commu-

nity service parole simply "[b]ecause the consolidated sentence *is based in part* on a kidnapping conviction." (Emphasis added.)

Defendants' argument in support of this interpretation of the statute states in its entirety:

> When a defendant is convicted of two or more counts, the court may consolidate the offenses and impose a single judgment. *See State v. Stonestreet*, 243 N.C. 28, 31, 89 S.E.2d 734, 737 (1955). Under a consolidated sentence, if one of the counts upon which the conviction is based is set aside, the entire judgment must be remanded for resentencing even if the remaining counts would have been sufficient, standing alone, to justify the consolidated sentence. *Id.* In essence, a consolidated judgment stands as a unified whole.
>
> Because Lineberger is serving a consolidated sentence, each day that he is incarcerated is service against the unified whole of the sentence, even though based on three convictions—common law robbery, conspiracy to commit armed robbery, and kidnapping. Because the consolidated sentence is a unified whole, it is not possible or rational to identify one day of incarceration as being service against Lineberger's robbery conviction, the next day as being service against his conspiracy conviction, or the next day as being service against his kidnapping conviction. *Each day of incarceration is simply service against the whole sentence and is not allocated to any individual conviction that supports the consolidated sentence.* The kidnapping conviction stands as just as much a part of the reason that Lineberger is incarcerated pursuant to the consolidated sentence on day one of his prison term as it does on the last day when he is incarcerated under that consolidated sentence.
>
> *Given that Lineberger's kidnapping conviction permeates the entirety of his consolidated sentence*, it is rational and reasonable for the Commission to conclude that Lineberger is not eligible for parole until ninety days before his unconditional release date. The plain language of the applicable statutes demonstrates that Lineberger is barred from being considered for parole prior to this date.

(Emphasis added.)

This argument is noticeably lacking in the citation of applicable authority. Although defendants correctly describe *Stonestreet*, that

opinion does not in any manner relate to or support defendants' theory of "a unified whole." Further, the reasoning contained in the following paragraphs of defendants' brief—containing no citation of authority at all—is in fact directly contrary to the reasoning of our Supreme Court in *Stonestreet* and in other decisions.

In *Stonestreet*, the Supreme Court held that when two or more charges are consolidated for the purpose of a single judgment, "even though the plea of guilty or conviction on one is sufficient to support the judgment and the trial thereon is free from error, the award of a new trial on the other indictment(s) or count(s) requires that the cause be remanded for proper judgment on the valid count. Presumably this (the single judgment) was based upon consideration of guilt on both charges." 243 N.C. at 31, 89 S.E.2d at 737 (internal quotation marks omitted). This basic principle regarding consolidated sentences was reiterated more recently by our Supreme Court in *State v. Brown*, 350 N.C. 193, 213, 513 S.E.2d 57, 70 (1999) (emphasis added):

> [W]e further conclude that the judgment on this offense [of murder as an accessory] must be remanded for resentencing because the trial court consolidated it with the solicitation conviction, which we have now vacated, in imposing a single sentence of thirty years, *and we cannot assume that the trial court's consideration of two offenses, as opposed to one, had no affect on the sentence imposed.*

I fail to see how this principle regarding resentencing supports defendants' contention that the kidnapping conviction so permeates the single 40-year sentence that we must assume that parole eligibility should be calculated on the assumption that the entire 40 years was a sentence for second degree kidnapping.

The holdings would seem to support precisely the opposite proposition: that we cannot assume that the other two nonkidnapping convictions did not play a role in the length of the sentence. Defendants' argument asks us to assume that the common law robbery (a class C felony because of Lineberger's habitual felon status) and conspiracy convictions made no contribution to the 40-year sentence. I cannot reconcile defendants' reasoning with *Stonestreet* or *Brown. See also State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987) ("Since it is probable that a defendant's conviction for two or more offenses influences adversely to him the trial court's

judgment on the length of the sentence to be imposed when these offenses are consolidated for judgment, we think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated.").

Because defendants have not demonstrated any legal basis for construing the 40-year sentence as being entirely attributable to the kidnapping charge, there is no reason to decide whether the trial court properly found, in finding of fact 7, that "there was no plea agreement as to the sentence Plaintiff would receive . . . ." I note, however, that the record suggests that there is an issue of fact as to that question.

The transcript of plea states that the State and Lineberger agreed only to "cap the sentence at 40 years (*i.e.* sentence not to exceed 40 years)." In the hearing, Lineberger's counsel confirmed "that the State recommends that the cases be consolidated for sentencing and the sentence is not to exceed forty years . . . ." These statements would suggest no agreement on a specific sentence apart from a cap. The trial judge, however, stated that he could "live with" 40 years. He then asked whether Lineberger understood that he would, in exchange for his plea of guilty, receive a 40-year sentence and whether he accepted that arrangement. In imposing the sentence, the trial judge stated that the charges would be "consolidated for purposes of judgment pursuant to the negotiated plea and negotiated sentence" and that "pursuant to that negotiated sentence, the judgement [sic] of the Court is that the Defendant be imprisoned in the State Department of Corrections for a term of forty years." This statement could be construed as indicating the trial judge believed that he was imposing the 40-year sentence pursuant to a plea arrangement. On the other hand, however, the trial judge allowed Lineberger's counsel to present argument on sentencing—argument that would be unnecessary if the parties had agreed to a 40-year sentence.

In short, although I believe the record would permit a finding that there was no plea arrangement as to a specific sentence, I cannot conclude that the issue is resolvable on summary judgment. Nevertheless, I do not believe that defendants have demonstrated that this is a *material* issue of fact. Even if the 40-year sentence is a lawful sentence, defendants have failed to establish that the entire 40 years should be considered attributable to the kidnapping charge and that the parole provisions relating to kidnapping should apply to the entire 40-year term.

Moreover, even if we assume, as the State contends, that the trial court acted under N.C. Gen. Stat. § 15A-1340.4(a) and imposed "a prison term pursuant to any plea arrangement as to sentence under Article 58 of [that] Chapter," the State has made no showing that the State and Lineberger intended that the 40-year sentence be attributed entirely to kidnapping. Nothing in the record factually supports a finding that the 40-year sentence was reached by agreeing to a sentence of 40 years for kidnapping based on Lineberger's habitual felon status, as opposed to calculating sentences for each charge and totaling them.

The latter approach is more consistent with the parties' agreement that the State would not treat Lineberger as a habitual felon with respect to the conspiracy charge. Since habitual felon status would have only affected Lineberger's sentence on the conspiracy charge, such a concession would be meaningless if the parties intended that the kidnapping charge account for the entire 40-year sentence. *See State v. Hemby*, 333 N.C. 331, 336, 426 S.E.2d 77, 79-80 (1993) (holding, with respect to a sentence imposed pursuant to a judgment consolidating indictments or convictions with equal presumptive terms, that "*nothing else appearing in the record*," the Court would "for purposes of appellate review" allocate a Fair Sentencing Act sentence equally among each indictment or conviction (emphasis added)); *State v. Nixon*, 119 N.C. App. 571, 575, 459 S.E.2d 49, 51 (1995) (applying *Hemby* to hold that only 12 years of 36-year sentence was attributable to conviction of first degree kidnapping).

Rather than supply this Court with legal authority or evidence of the parties' intent with respect to the 40-year sentence, defendants urge this Court simply to defer to their interpretation of the controlling statute. They have not, however, pointed to any statute or case authority to support their position. Nevertheless, their argument overlooks the rule of lenity.

"In general, when a criminal statute is unclear, the long-standing rule of lenity 'forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention.' " *State v. Crawford*, 167 N.C. App. 777, 780, 606 S.E.2d 375, 377-78 (quoting *State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 681 (1985)), *disc. review denied*, 359 N.C. 412, 612 S.E.2d 324 (2005). Although our courts have not specifically considered the question, numerous other jurisdictions have applied the rule of lenity to statutes addressing parole eligibility. *See,*

*e.g., Bifulco v. United States,* 447 U.S. 381, 400-01, 65 L. Ed. 2d 205, 209, 100 S. Ct. 2247, 2259 (1980) (to the extent questions existed regarding the availability of special parole terms as punishment for drug conspiracies, "they must be resolved in accord with the rule of lenity"); *State v. Tarango,* 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (Ariz. 1996) ("The rule of lenity suggests an interpretation that permits parole eligibility."); *Fields v. Suthers,* 984 P.2d 1167, 1172 (Colo. 1999) (holding that rule of lenity applies in construing parole eligibility statute).

By arguing that we should defer to defendants' construction of the statutes, defendants are necessarily contending that the statutes are ambiguous and subject to construction. *See Ledwell v. N.C. Dep't of Human Res.,* 114 N.C. App. 626, 631, 442 S.E.2d 367, 370 (1994) (" 'Only where the language of the statute is unclear, ambiguous, or fails to answer the specific question at issue should deference be paid to a contested agency interpretation.' " (quoting *Anderson v. N.C. Dep't of Human Res.,* 109 N.C. App. 680, 683, 428 S.E.2d 267, 269 (1993))), *disc. review improvidently allowed,* 340 N.C. .103, 455 S.E.2d 159 (1995). Yet, if a penal statute is ambiguous, it must be construed in favor of lenity.[2] Since defendants have failed to make any attempt to demonstrate that the General Assembly intended the result that they advocate, I see no basis for construing the statute in the manner urged by defendants, with its harsh results.

In sum, I believe that defendants have presented no legal authority that supports their calculation of Lineberger's parole eligibility. Indeed, the sole case that they cite—like other opinions within that line of authority—contradicts defendants' reasoning. Further, defendants' approach cannot be reconciled with the rule of lenity. Because of the lack of support for the position that underlies all of defendants' arguments, I believe it is unnecessary to address those arguments. I agree with the majority opinion that we should affirm the trial court. Because the question whether Linberger's sentence is legal or not is immaterial to the issues in this appeal, I cannot agree with the dissent that this appeal represents a collateral attack on a judgment.

---

2. *Teasley v. Beck,* 155 N.C. App. 282, 574 S.E.2d 137 (2002), *disc. review denied,* 357 N.C. 169, 581 S.E.2d 755 (2003), upon which defendants rely, did not address the rule of lenity. Significantly, although that opinion applied the United Supreme Court's principle of deference to agency interpretations of ambiguous statutes, *see Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 843, 81 L. Ed. 2d 694, 703, 104 S. Ct. 2778, 2782 (1984), the Supreme Court has, as noted above, determined that the rule of lenity applies when parole eligibility is at issue.

LINEBERGER v. N.C. DEP'T OF CORR.

[189 N.C. App. 1 (2008)]

JACKSON, Judge, dissenting.

I must respectfully dissent from the majority's opinion. Although I agree that the interpretation of whether parole eligibility statutes are properly applied may be a question of law subject to the Declaratory Judgment Act, I would hold that the complaint in the instant case is properly a matter for a motion for appropriate relief, and that the trial court's order was an impermissible collateral attack on plaintiff's conviction. I also believe it is necessary to clarify the factual background of this case.

During a 24 June 1996 status review, a parole case analyst certified plaintiff's parole eligibility date as 23 September 2012, and noted that his eligibility was limited to 270 days prior to his release date due to the second-degree kidnapping conviction. Subsequently, plaintiff's parole eligibility date was recalculated erroneously as 10 December 2000 due to a computer error. As a result, plaintiff was transferred to a minimum security prison and granted work release.

The computer error was discovered on 26 July 2000. The error was corrected in the "test region" of the Offender Population Unified System ("OPUS")—DOC's inmate tracking system—on 4 August 2000, but the technician noted that he did not know when it would be "placed in production." The 22 August 2000 letter informing plaintiff of a 10 December 2000 parole eligibility date was based on a review of plaintiff's computer record on 11 August 2000—apparently before the correction had been "placed in production." As a result of the correction, plaintiff was returned to medium security, and his work release privilege was revoked. This correction was explained to plaintiff in a letter dated 28 November 2000. No parole eligibility date was given to plaintiff at that time. The 2 September 2011 parole eligibility date stated in the majority's recitation of the facts is shown on a 5 June 2002 OPUS printout prepared as an attachment to a motion for summary judgment served on plaintiff on 17 June 2002 in conjunction with one of plaintiff's federal cases explained below.

Between the time the computer error was corrected and the filing of the instant action, plaintiff made several attempts to clarify his parole eligibility date. Reference to the following facts is not intended to serve as part of our review. These facts are included merely to illustrate plaintiff's history on this subject. Although the facts are not contained within the record on appeal brought before this Court in the instant appeal, as the majority opinion concedes, appellate courts may take judicial notice of their own filings in interrelated proceed-

ings, and on "any occasion where the existence of a particular fact is important[.]" *West v. Reddick, Inc.*, 302 N.C. 201, 203, 274 S.E.2d 221, 223 (1981) (citation omitted). I believe these facts are important to a clear understanding of the factual background of this case. To reiterate, I do not base my opinion on matters outside the record, but provide the information as background for a more complete history of events leading up to the instant appeal.

First, plaintiff filed a state *habeas corpus* action in Mecklenburg County on 3 January 2001, which was denied on 9 February 2001 for failure to exhaust administrative remedies. Second, he filed two prison grievances. The first was filed 28 January 2001 and alleged that plaintiff's case analyst had changed his sentence. It was denied, twice appealed, and ultimately dismissed on 21 March 2001. The second was filed 3 November 2001 and alleged his sentence was not properly reflected in DOC's records. It was denied also, twice appealed, and ultimately denied on 11 January 2002.

On 29 March 2001, plaintiff filed a federal *habeas corpus* action in the Western District of North Carolina ("Western District") pursuant to section 2254 of Title 28 of the United States Code. Plaintiff alleged that the recalculation of his parole eligibility date violated his Fifth Amendment rights and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The district court granted summary judgment against plaintiff and dismissed plaintiff's *habeas corpus* petition. *Linberger v. York*, No. 3:01CV151-1-MU (W.D.N.C. Mar. 7, 2003).

Plaintiff also filed a federal discrimination action in the Middle District of North Carolina ("Middle District"), pursuant to section 1983 of Title 42 of the United States Code. The federal magistrate stated in his recommendation: "Under § 1983, Plaintiff cannot obtain the principal relief that he appears to seek—recalculation of his parole eligibility date to the December 2000 date that he believes is proper." The magistrate recommended that summary judgment be granted against plaintiff and that the action be dismissed. *Lineberger v. York*, No. 1:02CV210 (M.D.N.C. Mar. 19, 2003). Plaintiff objected to the recommendation, and the district court made a *de novo* determination, adopting the magistrate's recommendation. *Lineberger v. York*, No. 1:02CV210 (M.D.N.C. Apr. 25, 2003).

Both federal actions were appealed. The Western District appeal was dismissed by the Fourth Circuit Court of Appeals in *Lineberger v. York*, 81 Fed. Appx. 460 (4th Cir. 2003), and a petition for rehearing

*en banc* was denied. *Lineberger v. York*, No. 03-6456 (4th Cir. Dec. 30, 2003). The Middle District decision was affirmed by the Fourth Circuit in *Lineberger v. York*, 76 Fed. Appx. 497 (4th Cir. 2003) and a petition for rehearing *en banc* was denied. *Lineberger v. York*, No. 03-6771 (4th Cir. Nov. 4, 2003).

Plaintiff also has filed five petitions with this Court. The first, filed 14 January 2004 and captioned "Petition to Compel and Instruct," sought an order compelling DOC to comply with his sentence as he understood it—a forty year sentence as an habitual felon, not a forty year sentence for second-degree kidnapping. The petition was dismissed on 3 February 2004 without prejudice in order to allow plaintiff to file it in the Mecklenburg County Superior Court. Apparently unknown to this Court, an identical motion already had been filed in Mecklenburg County on 13 January 2004. It was dismissed on 20 January 2004 for failure to state a cause of action. The second petition, filed with this Court on 3 February 2004, sought review of the 20 January 2004 dismissal of plaintiff's Mecklenburg County "Petition to Compel and Instruct." We denied the petition on 20 February 2004.

Plaintiff filed his third petition on 19 April 2004 and sought a writ of *mandamus* to force the Mecklenburg County court to rule on his 19 February 2004 motion for appropriate relief ("MAR") and petition to withdraw plea. This Court dismissed the petition as moot on 7 May 2004, after the lower court denied the MAR.

Plaintiff sought review of the denial of his 19 February 2004 MAR by way of his fourth petition before this Court, filed 14 May 2004. This Court denied the petition for a writ of *certiorari* to permit our review. In plaintiff's MAR, he sought to withdraw his plea pursuant to North Carolina General Statutes, sections 15A-1415(b)(3) and (5). Section 15A-1415(b)(3) allows a defendant to file an MAR more than ten days after entry of judgment when "[t]he conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina." N.C. Gen. Stat. § 15A-1415(b)(3) (2003). Section 15A-1415(b)(5) permits the filing of an MAR more than ten days after entry of judgment when "[t]he conduct for which the defendant was prosecuted was protected by the Constitution of the United States or the Constitution of North Carolina." N.C. Gen. Stat. § 15A-1415(b)(5) (2003). The Mecklenburg County Superior Court had denied plaintiff's MAR on 27 April 2004, concluding that it did not state a cause of action in the cause for which the court could provide relief.

Finally, plaintiff sought a writ of *mandamus* by his fifth petition, filed 14 February 2005, to compel a ruling in Wake County Superior Court as to whether he could proceed as an indigent in his declaratory judgment action. On 1 March 2005, this petition also was denied. Defendant had presented a *pro se* declaratory judgment complaint to the Wake County Superior Court on 25 June 2004. The complaint in the instant case was filed by plaintiff's attorney on 23 November 2005.

The majority contends that because the validity of plaintiff's sentence was not challenged in the declaratory judgment action, there is no collateral attack on the sentence imposed by Judge Lewis in Mecklenburg County on 5 January 1994. A collateral attack is "[a]n attack on a judgment in a proceeding other than a direct appeal; esp[ecially] an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective." Black's Law Dictionary 278 (8th ed. 2004).

Although he did not ask the trial court to invalidate his sentence by way of his declaratory judgment action, plaintiff effectively challenged the validity of his sentence in seeking to have his parole eligibility date determined, in part because of his allegation that his sentence violated the Fair Sentencing Act. Conclusions of law numbers 3, 4, 5, and 6 of the trial court's order discuss the statute allegedly violated and conclude that "the most that can be said is that fifteen (15) years of the forty (40) year sentence should be treated as a sentence for kidnapping." The trial court could not reach this conclusion without attacking the sentence imposed on 5 January 1994. The order also concludes that plaintiff's parole had been calculated erroneously, further evidencing the court's intent to invalidate a portion of plaintiff's sentence. Contrary to what the concurring opinion states, the trial court *did* take action or grant relief after making that "observation." The trial court effectively *un*consolidated plaintiff's consolidated sentence.

Once a consolidated sentence is imposed, the offenses are inextricably intertwined. It is impossible for the reviewing court to go back on the cold record and parse out the intentions of the trial court at the time of sentencing. As noted in *State v. Brown*, 350 N.C. 193, 213, 513 S.E.2d 57, 70 (1999), "we cannot assume that the trial court's consideration of two offenses, as opposed to one, had no affect [sic] on the sentence imposed." *See State v. Parker*, 143 N.C. App. 680, 684, 550 S.E.2d 174, 177 (2001).

**LINEBERGER v. N.C. DEP'T OF CORR.**

[189 N.C. App. 1 (2008)]

The trial court's conclusions of law numbers 3, 4, 5, and 6 relate to issues that are properly the subject of a motion for appropriate relief. Their interrelationship with the other conclusions of law in the 23 May 2006 order render it impossible for this Court to separate the two for purposes of addressing them.

Central to the trial court's determination in favor of plaintiff was that there was no plea agreement as to the sentence plaintiff would receive and that the sentencing court was required to make findings of aggravating factors prior to imposition of a sentence exceeding the presumptive term for each of the three counts. *See* N.C. Gen. Stat. § 15A-1340.4 (1993) (repealed effective 1 October 1994). However, a review of the Judgment and Commitment included in the record on appeal reveals that Judge Lewis made "no written findings because the prison term imposed is pursuant to a plea arrangement as to sentence under Article . . . G.S. Chapter 15A." Therefore, in order to reach its conclusion that there was no plea agreement, the trial court in the instant case made a finding of fact in direct contravention of the sentencing court's finding on 5 January 1994.

I believe that we are bound by the maxim that "[t]he power of one judge of the superior court is equal to and coordinate with that of another." *Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966). As such, it is well-established that one superior court judge "may not correct another's errors of law." *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (citation omitted).

As the trial court was bound by the sentencing court's finding that there was a plea agreement, its conclusion that imposition of a sentence exceeding the presumptive term was incorrect. As this Court has noted previously, "Fair Sentencing . . . required written findings upon deviation from the presumptive sentence. However, Fair Sentencing provided an exception to that requirement if the court 'imposed a prison term pursuant to any plea arrangement as to sentence.'" *State v. Bright*, 135 N.C. App. 381, 382, 520 S.E.2d 138, 139 (1999) (quoting N.C. Gen. Stat. § 15A-1340.4(a), (b) (repealed effective 1 October 1994)).

In interpreting plaintiff's parole eligibility date, the trial court was bound by the sentence as given originally. The trial court was without authority to carve a fifteen-year kidnapping sentence out of plaintiff's forty-year consolidated sentence, thus shortening the period of plaintiff's incarceration.

The concurring opinion questions DOC's characterization of plaintiff's forty-year consolidated sentence as a "unified whole," finding no support in *Stonestreet* and *Brown*. I find DOC's argument compelling.

> Where two or more indictments or counts are consolidated for the purpose of judgment, and a single judgment is pronounced thereon, even though the plea of guilty or conviction on one is sufficient to support the judgment and the trial thereon is free from error, the award of a new trial on the other indictment(s) or count(s) requires that the cause be remanded for proper judgment on the valid count. Presumably this (the single judgment) was based upon consideration of guilt on both charges. But the rule is otherwise when . . . separate judgments, each complete within itself, are pronounced on separate indictments or counts. In such case, a valid judgment pronounced on a plea of guilty to a valid count in a bill of indictment will be upheld.

*State v. Stonestreet*, 243 N.C. 28, 31, 89 S.E.2d 734, 737 (1955) (citations omitted). DOC contends, and I agree, that in essence, a consolidated sentence is a unified whole—the individual underlying indictments either stand together or fail together. As such, and because plaintiff failed to attack his sentence directly, the forty-year consolidated sentence stands as a whole, with all forty years attributable to his conviction for second-degree kidnapping, just as all forty years are attributable to his conviction for common law burglary, just as all forty years are attributable to his conviction for conspiracy to commit common law burglary.

I find no support to the contrary in *Hemby* or *Nixon*, cited in the concurring opinion. In *Hemby*, there were eight indictments, each carrying a presumptive term of one year. The consolidated sentences totaled eight years. Upon resentencing after six of the indictments were remanded, the new sentence remained eight years. Our Supreme Court held that this amounted to a sentence greater than that originally imposed—one year for each offense. Similarly in *Nixon*, there originally were three indictments carrying presumptive terms of twelve years each, consolidated for a total term of thirty-six years. When one of the indictments was invalidated, the resulting new thirty-six year sentence was held to be in violation of the Fair Sentencing Act.

These cases are inapplicable to the case before us. Here, the three indictments did not carry equal presumptive terms, but two

terms of fifteen years and one of three years. The consolidated sentence did not total the sum of the three presumptive terms. It could not easily be divided into equal portions for each indictment. While in *Hemby and Nixon* there was a logical basis for apportioning the sentence evenly amongst the valid indictments, there is no such logical basis in the case *sub judice*. We simply cannot tell how the sentencing court apportioned the consolidated sentence among the three charges underlying it. The trial court was without authority to reapportion the sentence allocating only fifteen years of the forty to plaintiff's conviction for second-degree kidnapping.

Furthermore, North Carolina General Statutes, section 15A-1027, specifically prohibits such collateral attacks on convictions pursuant to guilty pleas, by stating that "[n]oncompliance with the procedures of this Article may not be a basis for review of a conviction after the appeal period for the conviction has expired." N.C. Gen. Stat. § 15A-1027 (2007). Within the appeal period, the General Assembly has provided three methods to review a guilty plea a defendant believes is inconsistent with his plea agreement. A defendant so aggrieved may (1) withdraw his plea pursuant to North Carolina General Statutes, section 15A-1024; (2) appeal his conviction pursuant to North Carolina General Statutes, section 15A-1444; or (3) file a petition for writ of *certiorari*, as provided in North Carolina General Statutes, section 15A-1444(e). *See State v. Rush*, 158 N.C. App. 738, 740, 582 S.E.2d 37, 38 (2003); N.C. Gen. Stat. §§ 15A-1024, 15A-1444 (2003). Although the majority distinguishes the facts of *Rush* from the instant case, the methods of review stated therein are correct statements of law.

Plaintiff in the case *sub judice* did not attempt to withdraw his plea pursuant to section 15A-1024. He did not appeal his conviction to this Court pursuant to section 15A-1444. Although plaintiff filed various petitions in this Court, none specifically alleged that the sentence he received upon his plea of guilty was in violation of the Fair Sentencing Act. Neither did his MAR allege such violations.

As explained above, plaintiff challenged his original sentence when he alleged in his complaint for declaratory judgment that his sentence violated the Fair Sentencing Act and sought to have the kidnapping charge separated from the other charges for purposes of determining his parole eligibility date. The alleged violation was based on his plea agreement. Because the appeal period has expired, plaintiff cannot now complain that his sentence was not in accord-

ance with his plea agreement, resulting in his kidnapping conviction being for no more than a term of fifteen years.

In part III of the opinion, the majority contends that DOC's interpretation of the parole statutes is not reasonable. The majority agrees with plaintiff that pursuant to DOC's interpretation, a person convicted of second-degree kidnapping as an habitual felon and sentenced to life imprisonment would be eligible for parole after serving twenty years, while the same person sentenced to forty years would not be eligible for parole until ninety days prior to completion of his forty-year term.

Pursuant to the Fair Sentencing Act, a Class C felon could be sentenced to a term of up to fifty years, or life. N.C. Gen. Stat. § 14-1.1(a)(3) (1994) (repealed effective 1 October 1994). Parole for Class C felons with a life sentence was governed by North Carolina General Statutes, section 15A-1371, which allowed parole after having served twenty years. N.C. Gen. Stat. § 15A-1371(a1) (1994) (repealed effective 1 October 1994). However, parole for Class C felons serving up to fifty years was governed by North Carolina General Statutes, section 15A-1380.2, which allowed parole ninety days prior to the expiration of the sentence. N.C. Gen. Stat. § 15A-1380.2(a) (1994) (repealed effective 1 October 1994).

Both parole statutes incorporated the possibility of community service parole, except when the felon was convicted of, *inter alia*, kidnapping. N.C. Gen. Stat. §§ 15A-1371(h), 15A-1380.2(h) (1994) (repealed effective 1 October 1994). With appropriate findings of aggravating factors, a person could have been convicted solely of second-degree kidnapping as an habitual felon and sentenced to fifty years in prison. As such, he would not have been eligible for parole until he had served ninety days less than fifty years. That same person, if sentenced to life, would have been eligible for parole after serving twenty years. DOC's interpretation is not unreasonable; the statutes themselves provide for the seemingly inconsistent result.

The majority concludes that the trial court properly applied the parole eligibility statutes. I believe the issue may be answered simply by examining North Carolina General Statutes, section 15A-1380.2(h) which states that "no prisoner convicted under . . . G.S. 14-39 . . . shall be eligible for community service parole." N.C. Gen. Stat. § 15A-1380.2(h) (1994) (repealed effective 1 October 1994). As

part of his forty-year consolidated sentence, which I do not believe can be broken down into component parts, plaintiff was convicted pursuant to North Carolina General Statutes, section 14-39. Therefore, he is not eligible for community service parole.

Finally, for the reasons stated above, I believe that we must reverse the decision of the trial court. Although the trial court could review the proper application of the parole eligibility statutes by DOC to plaintiff's sentence, here, the trial court impermissibly engaged in a collateral attack on the underlying sentence. The majority misinterprets my position to mean that plaintiff was not entitled to any relief if DOC erroneously calculated plaintiff's parole eligibility date. However, I believe that plaintiff would be entitled to relief if DOC erroneously calculated his parole eligibility date *based on his original forty year consolidated sentence, as imposed on 5 January 1994.* It is because the trial court impermissibly altered plaintiff's sentence, in essence *un*consolidating it, that the order effected a collateral attack.

Accordingly, I would reverse.